## Wilson *v.* Belles, Appellant.

*Sales—Executed and executory sales—Warranty—Caveat emptor.*

There is no implied warranty in executed sales except that of title; nor is there in any case where the sale is made upon inspection by the buyer. In executory sales the seller warrants that the article shall be of the kind ordered and merchantable in quality.

When the contract is executory, as it always is when a particular article is ordered without being seen, from one who undertakes it shall be of a given quality or description, and the thing sent as such is never completely accepted, the buyer is not to keep it, or pay for the article on any terms, although no fraud was intended by the vendor.

Where a person orders a wagon from a trade catalogue described by a particular number with a capacity for a certain number of passengers, and the purchaser, in a suit for the price of the wagon, avers in his affidavit of defense that the wagon was not of the style which he had ordered by number in the catalogue, but an entirely different wagon, that the wagon did not stand the strain of the number of passengers specified in the catalogue, and that he immediately gave notice of these facts to the plaintiff, and offered to return the wagon, the defendant sets forth the elements of good defense, and is entitled to a jury trial.

Argued Jan. 19, 1903.  Appeal, No. 64, Jan. T., 1903, by defendant, from order of C. P. Lackawanna Co., March T., 1902, No. 1, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Alfred L. Wilson et al., trading as the Buckeye Buggy Company, v. W. Belles.   Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ. Reversed.

Assumpsit to recover the price of a wagon.  Before ED-WARD, P. J.

The material averments of the affidavit of defense and the supplemental affidavit of defense are stated in the opinion of the Superior Court.   Plaintiffs did business in Columbus, Ohio. Defendant resided in Scranton, Pennsylvania.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

C. *Balentine,* for appellant, cited: Fogle v. Brubaker, 122 Pa. 7

Robert J. Murray, for appellee.

OPINION BY MORRISON, J., March 12, 1903:

The plaintiffs, copartners, doing business under the firm name of the Buckeye Wagon Company, brought an action in assumpsit to recover from the defendant the sum of $800, with interest from January 29, 1901, which they claimed to be due from the defendant for the price of a wagon known by the public as a brake or tallyho.    In answer to the plaintiff's claim the defendant filed an affidavit of defense in which it was admitted by the defendant that he entered into a contract in writing for the purchase from the plaintiffs of a wagon known in the wagon trade catalogue of the plaintiffs as No. 278; that on or about May 1, 1901, he received from the plaintiff firm a wagon alleged to be delivered under the contract mentioned; that the wagon which was received by the defendant. from the plaintiff was not a wagon of the style No. 278 in plaintiff's catalogue, but was an entirely different wagon.

Among other things the defendant averred in his affidavit of defense that upon discovering that the wagon was not in accordance with the contract, and not the wagon which he had bargained for, he notified the plaintiffs that he would refuse to keep the wagon and offered at that time to return it to the plaintiff firm.    He further averred that the plaintiffs refused to receive the wagon from him and that he had then notified them that unless it was removed on or before January 1, 1902, he would charge them for the storage of said wagon.

The defendant further averred that the wagon referred to in plaintiff's statement was purchased with reference to a trade catalogue of plaintiff firm containing a picture of said wagon, under which appears the following words:

"No. 278 Brake.

"For either 11 or 14 passengers.    Ample room inside of body for storage of provisions," etc.

The defendant averred in his affidavit that the first time the said wagon was used by him there was in it fourteen passengers; that the wagon did not stand the strain; that the springs let the body of the wagon down on the axles; the axles bent and the brake refused to hold the wagon on down grades.    Of

these facts the plaintiff firm was immediately given notice by the defendant, and these reasons were assigned for the defendant not wishing to keep the wagon and offering to return it to the plaintiffs. Nevertheless, the plaintiff firm refused to receive back the wagon and demanded the purchase price, to wit: $800, which the defendant refused and has hitherto refused to pay.

Upon exceptions being filed to the sufficiency of this affidavit, and on argument and with leave of court, the defendant filed a supplemental affidavit of defense in which it was clearly averred : " That the plaintiff firm has not delivered to defendant, nor defendant received from plaintiff firm, from January 29, 1901, hitherto, said wagon, known and designated in said contract in writing, style No. 278. In the supplemental affidavit it is also averred that the contract provided for the delivery to the defendant by plaintiff firm of a certain wagon described in said contract as style No. 278."

Upon argument the court below held the affidavit and supplemental affidavit to be insufficient to prevent judgment and granted judgment in favor of the plaintiffs for the full amount of his claim. The errors assigned are :

1. In not discharging the first rule entered by counsel for plaintiff for judgment for want of a sufficient affidavit of defense.

2. The learned court below erred in making absolute the second rule entered by counsel for plaintiff for want of a sufficient affidavit of defense.

3. The learned court below erred in entering judgment in favor of the plaintiff and against the defendant for the sum of $884.48. It thus appears that the sole question for decision is the sufficiency of the affidavit and supplemental affidavit to prevent judgment.

In Fogel & Company v. Brubaker, 122 Pa. on page 14, Mr. Justice WILLIAMS, speaking for the court, said: "Sales of personal property are divisible, with reference to the question presented in this case, into two classes, executed and executory. In the first of these, the articles are ordinarily sold upon inspection and the sale is completed by delivery of the property, made at the time of sale. To this class of sales the rule of caveat emptor is properly applicable. If a warranty is desired by the purchaser he must stipulate for it before the sale is com-

pleted.   Otherwise he will be held to have bought upon his judgment of the quality and value of the thing purchased.   In the second class, the sales are made by sample or by description, the goods not being seen by the purchaser until they have been sold and forwarded by the seller in pursuance of the previous contract or order from his customer.   The rule in these cases is not caveat emptor, but caveat venditor, for the duty of selling and sending the articles ordered by description or from sample is on the seller.   The buyer is dependent on his good faith in the premises.   If the article selected and forwarded by the seller is not of the kind ordered, or if, being of the kind ordered, it is not merchantable in quality, the buyer may refuse to accept it and give notice to the seller.

There is no implied warranty in executed sales except that of title; nor is there in any case where the sale is made upon inspection by the buyer.   In executory sales the seller warrants that the article shall be of the kind ordered, and merchantable in quality.   This is the rule laid down in Borrekins v. Bevan, 3 Rawle, 23, and followed through a long line of cases down to Selser v. Roberts, 105 Pa. 242.   The warranty in these cases is part of the contract of sale, and the purchaser is under no obligation to take the article and sue on the warranty, but may refuse to accept it as not in compliance with the contract.   As was said by this court in Dailey v. Green, 15 Pa. 118, when the contract is executory, as it always is when a particular article is ordered without being seen, from one who undertakes it shall be of a given quality or description, and the thing sent as such is never completely accepted, the buyer is not bound to keep it, or pay for the article on any terms, although no fraud was intended by the vendor. "

It is very clear that the sale of the wagon in the case under consideration belongs to the second class, that is, where sales are made by description, not being seen by the purchaser until the goods have been selected and forwarded to the seller in pursuance of the contract or order from his customer.   Such being the case, the appellant was not bound to receive and pay for the wagon unless it fully came up to the representations made at the time of the purchase.   The case of Fogel v. Brubaker, supra, was quoted with approval in Jones et al. v. Jennings Bros. & Company, 168 Pa. 493, and we think there can

be no question that the law of Pennsylvania is as stated in these cases. The question for decision then is, does the affidavit and supplemental affidavit of defense contain sufficient to carry the case to a jury? An inspection of the opinion of the court below and the argument of the learned counsel for the appellee shows that they both considered that the supplemental affidavit was sufficient to send the case to a jury, but on account of some inconsistency or supposed inconsistency between the averments contained in the affidavit and those in the supplemental affidavit, the court and the counsel argued and convinced themselves that judgment ought to be entered against the defendant presumably as a penalty on account of the inartistic preparation of his affidavits of defense. It may be that the two affidavits are somewhat inconsistent, and very likely they might have been better prepared, but the real question is, do they contain the elements of a good defense?

The burden rested on the plaintiffs to deliver a wagon in accordance with their contract, and the defendant was not bound to accept it until he had an opportunity to inspect and ascertain whether or not it complied with the contract. If the wagon ordered was to be style No. 278 with axles regular, and the one shipped to the defendant was not style No. 278, and the axles were not regular, but were another kind of axle which was deficient and insufficient for the purpose for which the wagon was purchased, and if the defendant promptly notified the plaintiffs of these facts and of his refusal to receive and pay for the wagon, then we are unable to agree with the learned court below that the affidavit and supplemental affidavit are insufficient to prevent judgment.

In the supplemental affidavit defendant swears " that said contract provided for the delivery to the defendant by plaintiff firm of a certain wagon described in said contract as style No. 278. That plaintiff firm has not delivered to defendant, nor defendant received from plaintiff firm, from January 29, 1901, hitherto, said wagon, known and designated in said contract in writing, style No. 278."

We think this averment in connection with what is said in the affidavit of defense in regard to the contract and to the deficiencies in the wagon and the notices to plaintiffs and the refusal to receive and retain the wagon is quite sufficient to carry the

case to a jury, and therefore the court erred in making absolute the rule for judgment for want of a sufficient affidavit of defense.

The assignments of error are all sustained, the judgment reversed and a procedendo awarded.