**Shirley W. HARTWELL, Appellant, v. PIPER AIRCRAFT CORPORATION.**

**No. 10299.**

United States Court of Appeals
Third Circuit.

Argued Dec. 8, 1950.

Decided Jan. 3, 1951.

Alton S. Bradford, Washington, D. C., (A. Slater Clarke, Washington, D. C., Wallace G. Moser, Scranton, Pa., on the brief), for appellant.

Walter W. Harris, Scranton, Pa., (O'Malley, Harris, Harris & Warren, Scranton, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

PER CURIAM.

This is an action brought in the United States District Court for the Middle District of Pennsylvania seeking to recover damages for an alleged death by wrongful act. The operative facts occurred in Florida. The action was brought within the

two-year period allowed by the Florida statute, F.S.A. § 95.11, but later than the one-year period given by the Pennsylvania statute, 12 P.S. § 1603.

In this type of situation where a federal court has jurisdiction by diversity only we take our conflict of laws rule from the state in which the action is brought. Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. If the state declares the maintenance of such an action contrary to its local public policy that declaration must be followed by us. Griffin v. McCoach, 1941, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481. The Pennsylvania court has spoken in this situation. Rosenzweig v. Heller, 1931, 302 Pa. 279, 153 A. 346, establishes the proposition that the suit for the foreign death by wrongful act, in addition to being brought within the time given by the law of the place of accident, must also conform to the time limit set by the Pennsylvania statute. This proposition was reiterated in Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A.2d 517. The District Judge was correct in entering judgment for the defendant. Accordingly it will be affirmed.