**Anthony NATALE and Julia Natale, his wife, Plaintiffs,**

v.

**The UPJOHN COMPANY and Lakeside Laboratories, Inc., Defendants.**

**Civ. A. No. 2841.**

United States District Court
D. Delaware.

Nov. 5, 1964.

Joseph F. Mulcahy, Jr., James P. Mc-Hugh, Chester, Pa., and Henry A. Wise, Jr., Wise & Suddard, Wilmington, Del., for plaintiffs.

E. N. Carpenter, II, Richards, Layton & Finger, Wilmington, Del., for defendant The Upjohn Co.

Herbert L. Cobin, Coxe, Booker, Walls & Cobin, Wilmington, Del., for defendant Lakeside Laboratories, Inc.

STEEL, District Judge.

Defendant's motion to dismiss the complaint raises the question, among others, whether the Pennsylvania or Delaware statute of limitations is applicable to a cause of action which arose in Pennsylvania, when jurisdiction is based upon diversity of citizenship.

The claim of plaintiff, Mrs. Natale, is for personal injuries alleged to have been sustained by her as a result of the use of two drugs which were prescribed by her physicians. The drugs, Monase and Catron, were manufactured by the two defendants. The claim of the other plaintiff, Mrs. Natale's husband, is for medical expenses, loss of income and consortium due to Mrs. Natale's injuries.

The complaint alleges that the defendants warranted expressly and impliedly that Monase and Catron were fit and safe for human use and consumption, and for medical prescription for depressive disorders, that they had no other "side effects" than those specifically mentioned on the labels and advertising material, and that defendants expressly warranted that the drugs possessed the qualities and properties and would give humans the effects stated in their labelling and sales promotion material; whereas in truth and in fact they did not possess such qualities and properties, nor did they give the minimal side effects which defendants warranted. The complaint further alleges that the physicians who treated Mrs. Natale, relied upon the warranties to the detriment of Mrs. Natale, without being apprised of the dangers present in the drugs which occasioned the injuries. Stated conceptually, the action is for breach of (1) express warranty, (2) implied warranty of merchantability, and (3) implied warranty of fitness for a particular purpose.

The drugs were administered to Mrs. Natale in Pennsylvania. The complaint does not allege where the warranties were made or brought to the attention of Mrs. Natale or her physicians. The Court will assume that the cause of action arose in Pennsylvania since this is the basis upon which it has been presented by the parties.

The complaint alleges that Mrs. Natale was started on Monase about April 29, 1960 and on Catron about May 1960, that some blurring of her vision occurred in May of 1960 and has continued until the present time, and that Mrs. Natale's physicians continued to administer Monase and Catron to plaintiff after her initial vision complaints. The time when Mrs. Natale ceased using the drugs is not alleged. Nor is the time when they were last sold by the defendants or to Mrs. Natale or her physicians. Although the complaint fails to allege facts from which it can be ascertained when the cause of action accrued, at the argument both parties assumed that it was in 1960.[1] Both arguments were presented upon the premise that if the Delaware Statute of Limitations applied, the action would be barred, regardless of whether the one or

---

1. At the argument, Mr. Carpenter, attorney for the defendant Upjohn said:

"I stress the fact that the only difference between the parties is which statute of limitations applies, so as to direct your Honor's attention, respectfully, to this point, and to indicate that there is not involved here a question of when the cause of action accrued, when the injury occurred. I believe the parties are in agreement that the cause of action ac-

crued in 1960, and that as of that time whatever statute of limitations was applicable began to run."

Mr. Cobin, attorney for the other defendant, Lakeside, said:

"There is no dispute from the pleadings that the drug was stopped, we would say, in September 1960."

Neither of these statements was controverted by the attorney for the plaintiffs.

two year statute was controlling,[2] while if the four year statute of limitation of Pennsylvania governed,[3] the action was timely, instituted as it was on April 29, 1964.

Since jurisdiction is based on diversity of citizenship, the principles of conflict of laws of Delaware must be applied. Klaxon Company v. Stentor Electric Manufacturing Company, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The conflict rule in Delaware pertaining to the limitation of actions would appear at first blush to be stated in the Delaware "borrowing statute". It provides that in an action by a non-resident on an out-of-state cause of action (the situation at bar), there shall be applied the period of limitation of Delaware or of the state where the cause of action arose, whichever is shorter.[4] If the "borrowing statute" is applicable, the action is barred by the Delaware statute of limitations.

Plaintiffs argue that the Delaware "borrowing statute" relates to an "ordinary" foreign statute of limitation which only bars the remedy, and that it is without application to a "built-in" or "integrated" statute which creates a right or liability and also fixes the period in which it can be asserted. In the latter situa-

tion, plaintiffs argue, the statute not only bars the remedy but also constitutes a part of the substantive right which the statute creates, and the limitation period in the foreign statute is, therefore, substantive and not procedural. When a cause of action is asserted under such a statute, plaintiffs argue, the foreign substantive period of limitation is controlling. This argument is predicated upon the assumption that plaintiffs are asserting a claim for a breach of warranty which was created by the Uniform Commercial Code of Pennsylvania, 12A P.S. §§ 2–313, 2–314, 2–315, 2–714.

In White v. Govatos, 40 Del. 349, 10 A.2d 524 (Super.Ct.1939) the Court stated that when a period of limitation in a statute which creates a right has expired but that of the forum has not, the action cannot be maintained. The Court held, however, that in the converse situation, i. e. when a statute of limitation of the forum has expired, as was true in the case then before the Court, (and now before this Court) the action cannot be maintained even though the period of limitation fixed by the foreign statute which creates the right has not expired. This conclusion was reached unaided by any "borrowing statute" since at the time of the decision none had been enacted.

2. Prior to July 9, 1960, 10 Del.C. § 8118 provided:
"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 1 year from the date upon which it is claimed that such alleged injuries were sustained."
This provision was amended by 52 Del. Laws, Ch. 339, § 2, effective July 9, 1960, to change the 1 year period to a 2 year period.
This statute is applicable to all actions for personal injuries, whether in contract or tort. Patterson v. Vincent, 44 Del. 442, 61 A.2d 416 (Super.Ct.1948).

3. Section 2–725 of the Pennsylvania Uniform Commercial Code-Sales, 12A P.S. § 2–725, which has been in effect at all relevant times, provides in sub-paragraph (1) thereof:
"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *"

This statute is applicable to all actions for breach of contract for sale, irrespective of whether the damages sought are for personal injury or otherwise. Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612 (1964).

4. 10 Del.C. § 8120 provides:
"*Cause of action arising outside State*
"Where a cause of action arises outside of this State, an action can not be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply."

If the Govatos decision could be accepted as a statement of the present law in Delaware, its *rationale* would provide a four-square answer to plaintiffs' argument and require its rejection. Doubt is cast on Govatos, however, by the more recent Delaware Supreme Court decision in Pack v. Beech Aircraft Corporation, 11 Terry 413, 50 Del. 413, 132 A.2d 54, 67 A.L.R.2d 207 (1957). There it was held that Delaware personal representatives of a Delaware resident who sought to recover for the latter's death due to an accident in New Jersey, were barred by the two-year period of limitation in the Wrongful Death Act of New Jersey and not by the Delaware three-year statute. In discussing the Delaware "borrowing statute" the Court said that it dealt only with "ordinary statutes of limitations" (132 A.2d p. 58). The Court strongly intimated that when a statute in the state where a cause of action arises creates the substantive right which is asserted, and also includes a "built-in" time limitation, the Delaware "borrowing statute" is without application since it deals only with the remedy, and the limitation in the foreign statute is controlling. (132 A.2d p. 58–59). In expressing these views, the Court said that it did so "[w]ith deference to high authority supporting the Govatos case" (132 A. 2d p. 58), that it found the result to be "quite illogical" and that "there is much judicial authority and opinion to the contrary" (132 A.2d p. 59).[5]

The circumstances of the instant case, however, make it unnecessary to consider whether the decision in Pack destroys the validity of Govatos as a current expression of Delaware law, for plaintiffs have erroneously assumed that the four year period of limitation in Pennsylvania is an integral part of a right granted to Mrs. Natale by the Uniform Commercial Code.

 The question whether a statute of limitations is such an integral part of a statutory right as to be deemed a part of the substance of the right, is a matter of legislative intention. Mid-State Horticultural Co. v. Pennsylvania Railroad Co., 320 U.S. 356, 360, 64 S.Ct. 128, 88 L.Ed. 96 (1943). And where the Courts of the state which enact legislation have construed it, their construction must be accepted by the Court of the forum. Pack v. Beech Aircraft Corporation, supra, 50 Del. at 416, 132 A.2d at 57. See Goodwin v. Townsend, 197 F.2d 970, 972–973 (3rd Cir. 1952).

Plaintiff contends that Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612 (1964), holds that the four year period of limitation in the Uniform Commercial Code imposes a limitation not only upon the remedy but also upon the right to sue for breach of warranty. This is an unwarranted interpretation of the decision. The only issue before the Court was whether the two year period of limitation for the commencement of an action for personal injuries established by the Act of 1895, 12 P.S. § 34, or the four year period of limitation specified in the Uniform Commercial Code enacted in 1953, 12A P.S. § 2–725, was controlling when a personal injury resulted from a breach of warranty incident to a contract of sale. The Court held that the latter limitation governed. This was because, among other reasons, the Court found the period of limitation in the Code to be inconsistent with that in the Act of 1895, and therefore by the express terms of 12A P.S. § 10–103, the earlier statute was

---

5. The Courts in other jurisdictions have taken divergent positions upon the question whether, as a matter of conflict of laws, the statute of limitations of the forum should be applied against a foreign cause of action created by a statute which contained a "built-in" limitation. Wells, Administratrix v. Simonds Abrasive Co., 345 U.S. 514, 517, 73 S.Ct. 856, 97 L.Ed. 1211 (1953). In Pennsylvania, the Courts have applied the shorter statutes of limitation of Pennsylvania to causes of action arising in other states under statutes with longer "built-in" periods of limitation. Wells v. Simonds Abrasive Co., 102 F.Supp. 519 (E.D.Pa.1951); aff'd, 195 F.2d 814 (1952), aff'd, 345 U.S. 514 (1953); Hartwell v. Piper Aircraft Corporation, 92 F.Supp. 271 (M.D.Pa.1950), aff'd, 186 F.2d 29 (3rd Cir. 1951); Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346 (1931).

repealed when the Code was enacted. The Court in no way held or intimated that the Code contained a "built-in" period of limitation which was a substantive part of a statutory right.

Neither of the parties has cited any Pennsylvania or other decision, nor has independent research revealed any, which bears directly on the question whether the Pennsylvania four year period of limitation should be interpreted as substantive or procedural. Nevertheless, there are authorities both in Pennsylvania and elsewhere relating to other types of statutes, which support the conclusion that if the problem should arise in Pennsylvania, its Courts would probably hold that its four year period of limitation is an "ordinary" statute of limitations and not part of a substantive right created by statute to recover for breach of warranty.

It has been said that the common case in which Courts hold that a period of limitation constitutes a part of the right itself is where a statute gives a new right or creates a new liability and the same section or act limits the time within which it can be enforced. Davis v. Mills, 194 U.S. 451, 454, 24 S.Ct. 692, 48 L.Ed. 1067 (1904). See Goodwin v. Townsend, 197 F.2d at 972. Some courts have stated the rule somewhat more narrowly, and said that a limitation is part of the right itself only when the right or the creation of the liability granted by the statute is one unknown to common law. Zellmer v. Acme Brewing Co., 184 F.2d 940, 943 (9th Cir. 1950); Scarborough v. Atlantic Coast Line Co., 178 F.2d 253, 255 (4th Cir. 1949); Osbourne v. United States, 164 F.2d 767, 768 (2nd Cir. 1947); Maki v. George Cooke Co., 124 F.2d 663, 665 (6th Cir. 1942).[6] In situations of the foregoing kinds, the courts usually make

an exception to the rule that the period of limitation of the *lex fori* and not that of the *lex loci* governs. This is on the theory that although the *lex fori* is controlling where both statutes are procedural, the *lex loci* governs where the foreign statute is substantive.

Under this test, there is no basis for holding that the limitation in the Commercial Code is substantive. Plaintiffs' causes of action purport to be based upon a breach of express and implied warranties, each of which is dealt with in the Uniform Commercial Code.[7]

The Uniform Commercial Code was enacted in Pennsylvania on April 6, 1953, 12A P.S. § 1–101 et seq. Article 2 of the Code deals with the subject of "Sales". The object of Article 2 is stated to be "a complete revision and modernization" of the prior law. Commentary—Uniform Commercial Code, 12A P.S. XXXVII. The "prior law" was embodied in the Uniform Sales Act. The Code repealed the Sales Act and adopted many new points of departure from it. The law of warranties found in the Sales Act, however, was retained to a substantial degree in the Code. Id. at XXXVIII, and such changes as the Code made in the law of warranties were within the framework of the prior law. Id. XLIV. While the Commentary points out that the Code gives buyers certain remedies which are new, the Commentary makes no reference to any innovation over prior law insofar as buyers' remedies for breach of warranty are concerned. Id. at LI.

Actions for breach of express warranty existed both at common law and under the Sales Act in Pennsylvania. 1 Williston on Sales, §§ 194, 199 (Rev. ed. 1948). This was likewise true of actions for breach of the implied warranty of fitness of purpose. The St. S. Angelo Toso, 271

---

6. As will later appear, it is not important for present purposes to determine which of these expressions represents the more accurate statement of the law.

7. Section 2–714 of the Uniform Commercial Code states that a buyer who has accepted goods may recover damages resulting from any "non-conformity of tender". The context of the section discloses that it is intended to include an action for breach of warranty. Section 2–313 defines an express warranty; § 2–314 defines an implied warranty of merchantability; and § 2–315 defines an implied warranty as to fitness for a particular purpose.

F. 245, 246 (3rd Cir. 1921). Similarly, when goods were bought by description from a manufacturer-seller who dealt in goods of that description, there was an implied warranty under the Sales Act that the goods would be of merchantable quality. 69 P.S. § 124. Even before the Sales Act, when a sale was effected by sample, description or by order, the seller was held to have warranted that the article was of the kind ordered and merchantable in quality. Borrekins v. Bevan, 3 Rawle 23 (Pa.Sup.Ct.1831); Wilson v. Belles, 22 Pa.Super. 477 (1903); Fogel v. Brubaker, 122 Pa. 7, 15 A. 692 (1888). The type of claim which Mrs. Natale is asserting against defendants was not created by the Code but it is one which existed prior to its enactment. This alone prevents the four year statute of limitations which is embodied in the Code from having the status of a "built-in" statute which is a substantive part of a statutory right or liability.

But even if a contrary conclusion were justified, there is another reason why it would appear the legislature of Pennsylvania did not intend that the four year period of limitations should be a substantive part of the right. It is to be noted that the limitation is not contained in the section of the Act relating to warranties or to remedies for their breach. Perhaps this would not be significant if the limitation were "directed to the newly created liability so specifically as to warrant the saying that it qualified the right." Davis v. Mills, 194 U.S. 451, 454, 24 S.Ct. 692, 694, 48 L.Ed. 1067 (1904). This is not the case. The four year period of limitation in § 2–725(1) does not relate solely to actions for breach of warranty; it is applicable to any action for "breach of any contract for sale". This, of course, embraces actions of all types for breach of contract brought by sellers, as well as by buyers, and in the case of the latter, includes actions for contractual non-performance in addition to those for breach of warranty. In this respect, the period of limitation in the Code is analogous to that contained in the Panama Labor Code which was dealt with in Bournias v. Atlantic Maritime Co., 220 F.2d 152 (2nd Cir. 1955). The limitation in the Panama Code applied to numerous rights which the Code gave to laborers against their employers. Because of the comprehensiveness of the rights to which the limitation in the Panama Code related, the limitation was held not to be a bar to a libel filed by a seaman in the District Court of New York for wages, and other amounts claimed to be due him under the Panama Code. The Court said that "there is nothing in the record to indicate that the Panamanian Legislature gave special consideration to the impact of Article 623 [the article pertaining to limitations] upon the particular right sought to be enforced here, as distinguished from the other rights to which the Article is also applicable." (220 F.2d p. 157). The same thing can be said with respect to the four year period of limitation in 12A P.S. § 2–725(1), relating as it does to all types of action which may result from the breach of a sales contract.

Furthermore in construing the Wrongful Death Act of Pennsylvania, 12 P.S. § 1601, the Supreme Court of Pennsylvania has held that the time limitation in the Act for the commencement of actions under the Act, 12 P.S. § 1603, is procedural and relates only to the remedy, and is not a substantive part of the right itself. Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346 (1931). This conclusion was reached even though the Court acknowledged that the statute granted a right or created a liability unknown prior to its passage, and even though the time limitation was directed specifically and exclusively to an action under the statute.[8] In so holding, the Court rejected the argument that because the Act granted a

---

8. That the Wrongful Death Act created a new right of action which was unknown to the common law was also recognized in Curtis v. Garcia y Cia, 241 F.2d 30, 36 (3rd Cir. 1957); Mohler v. Worley, 179 Pa.Super. 130, 116 A.2d 342 (1953); Muzychuk, to Use and Benefit of Burns v. Yellow Cab Co., 343 Pa. 335, 22 A.2d 670 (1941).

cause of action not previously known to the law and specifically limited the time within which it could be asserted, the time limitation should be regarded as a condition of the right and not as a mere statute of limitations. See also Echon v. Pennsylvania R. Co., 365 Pa. 529, 76 A.2d 175 (1950). In Marshall v. Brewster & Son, Inc., 37 N.J. 176, 180 A.2d 129, 134, 95 A.L.R.2d 1153 (1962) the Court said that: "As we read the opinions in Rosenzweig and Echon, Pennsylvania views the limitation in its 1855 Act [Wrongful Death Act] as nothing more nor less than a general statute of limitations." In Keys v. Pullman Co., 87 F.Supp. 763 (S. D.Texas, 1949) the Court, in referring to the limitation in the Wrongful Death Act of Pennsylvania, said at p. 765: "But I think the weight of authority in the Appellate Courts of Pennsylvania is that it is only an ordinary Statute of Limitation;".

A Wrongful Death Act containing a time limitation within which suit must be begun is the most common type of statute for which a limitation is held to be substantive and not procedural. Note, Statutes of Limitation: Lex Loci or Lex Fori, 47 Va.L.Rev. 299, 301–302 (1961). "It now appears settled that limitation periods in wrongful death statutes will be regarded as 'substantive'. Restatement of Conflict of Laws § 397." Bournias v. Atlantic Maritime Co., supra, 220 F.2d at 155. Since in construing the Wrongful Death Act the Pennsylvania courts have deviated from the settled law in other jurisdictions, it is difficult to believe that they would construe the four year period of limitation in the Uniform Commercial Code as substantive, if the question should arise.[9] This is particularly so since the Code, in the respects previously stated, fails to conform to the requirements which other courts have usually demanded in holding a limitation to be substantive.

■ For the several reasons stated, the Pennsylvania four year statute must be deemed to be procedural only. Accordingly, the "borrowing statute" of Delaware requires the Court to apply the shorter statute of limitations of Delaware. As stated, all parties agree that if the Delaware statute is applicable, the action is barred.

9. The Workmen's Compensation Act of Pennsylvania, 77 P.S. § 1 et seq., is another statute which created a right theretofore unknown in Pennsylvania and also included a time limitation directed exclusively to the newly created right.

The Supreme Court of Pennsylvania has never settled the question whether this is procedural or substantive, and the Superior Court has rendered decisions each way. In Ratto v. Pennsylvania Coal Co., 102 Pa.Super. 242, 156 A. 749 (1931), the Court held that inasmuch as the period of limitation was an express condition of the statutory right to obtain a compensation award, it was not a mere technical statute of limitations but part of the right itself, and, therefore, the failure to plead it was not a bar to its assertion as a defense. The opinion did not cite Rosenzweig v. Heller, supra, which three months earlier had construed the Wrongful Death Act of Pennsylvania to be procedural and not substantive. In Seneca v. Yale & Towne Manufacturing Co., 142 Pa.Super. 470, 16 A.2d 754 (1940), the question was whether the period of limitations in the Workmen's Compensation Act which was in effect when the injury occurred could be extended by an amendment enacted before the period expired. The Court held that it could be since in its view the time limitation was procedural and not substantive, even though the limitation was "an incident to a new substantive right created by statute" (16 A.2d p. 757), and even though the period of limitation was expressly applicable to claims filed under the Act. The Court stated that its decision was based upon the reasoning in Rosenzweig v. Heller, supra. In Harrington v. Mayflower Mfg. Co., 173 Pa.Super. 130, 96 A.2d 180, the Court had before it the question that was involved in Ratto v. Pennsylvania Coal Co., supra, and followed the latter decision, saying that the period of limitation in the Workmen's Compensation Act was "not a technical statute of limitation" but that it was "strictly a statute of repose which completely extinguishes the right and not merely the remedy" (96 A.2d p. 181). The Court cited neither Seneca v. Yale & Towne Manufacturing Co., supra, nor Rosenzweig v. Heller, supra.

Since the Delaware statute is a bar to the action, other arguments advanced by defendants need not be considered.

The motion of defendants to dismiss the complaint will be granted.