# SUPERIOR COURT
# OF THE
# STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: November 17, 2025
Decided: December 8, 2025

Michael A. Barlow, Esquire
Shannon M. Doughty, Esquire
Michael B. Carlinsky, Esquire
Jianjian Ye, Esquire (*argued*)
Caroline M. Vermillion, Esquire
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801

Samuel L. Moultrie, Esquire
Bryan T. Reed, Esquire (*argued*)
Ian S. Marx, Esquire
Todd L. Schleifstein, Esquire
Karl G. Dial, Esquire
GREENBERG TRAURIG, LLP
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801

Christopher P. Simon, Esquire
David G. Holmes, Esquire
CROSS & SIMON, LLC
1105 N. Market Street, Suite 901
Wilmington, Delaware 18901

RE:   ***RGIS International Transition HOLDCO, LLC, et al. v. Retail Services
      WIS Corporation, et al.***
      **C.A. No. N21C-12-077 PRW CCLD**
      Plaintiffs' Motion for Reargument
      Plaintiffs' Motion to Enter Case Schedule
      Defendants' Motion to Adjourn Trial Date and Partially Stay Discovery

Dear Counsel:

      Before the Court are three separate Motions.  First is the Plaintiffs' Rule 59(e)

Motion for Reargument.[1]  For the reasons explained below, that motion is **DENIED**.

Second, is the Defendants' Motion to Adjourn Trial Date and Partially Stay Discovery.[2]  For the reasons explained below, that motion is **DENIED AS MOOT**.

Third, is the Plaintiffs' Motion to Enter Case Schedule.[3]  For the reasons explained below, that motion, too, is **DENIED AS MOOT**.

## I. FACTUAL BACKGROUND[4]

The dispute arises from RGIS's purchase of the outstanding shares from various companies from Selling Defendants.[5]  The parties memorialized their transaction in a Share Purchase Agreement (the "Agreement").[6]  RGIS alleges the Agreement contains several false representations and warranties related to the Transferred Companies, which induced them to enter the transaction.[7]

---

[1]  D.I. 76.

[2]  D.I. 78.

[3]  D.I. 80.

[4]  Mindful that the parties have a complete understanding of and familiarity with the factual background, the Court dispenses with a fuller recounting thereof here. To be clear though, in resolving the present reargument motion, the Court considers both the facts that may be specifically mentioned herein and those facts set forth in its previous decision. *See Kovach v. Brandywine Innkeepers Ltd. Partnership*, 2001 WL 1198944, at *1 n.1 (Del. Super. Ct. Oct. 1, 2001).

[5]  *See* Second Amended Complaint ¶ 1 (D.I. 55) [hereinafter SAC].

[6]  *See* SAC ¶ 2.

[7]  *See* SAC ¶¶ 2−6, 19−60.

RGIS initiated this action seeking damages for Defendants' allegedly fraudulent representations.[8] RGIS's operative Second Amended Complaint asserts three causes of action: Count I—Fraud against Selling Defendants;[9] Count II—Violation of the Texas Securities Act (the "TSA") against Selling Defendants;[10] and, Count III—Violation of the TSA against the Individuals.[11]

Defendants responded to the Second Amended Complaint by filing a motion to dismiss Counts II and III.[12] The Motion advanced four main arguments: (1) the Court lacks personal jurisdiction over the Individuals; (2) the Agreement's Delaware choice-of-law provision bars Counts II and III; (3) Counts II and III are time-barred; and (4) Count III fails to state a claim against the Individuals.[13] RGIS countered each of these arguments, insisting that the Court has personal jurisdiction over the Individuals and its TSA claims are proper.[14]

---

[8] *See generally* SAC.

[9] *See* SAC ¶¶ 61−73.

[10] *Id.* ¶¶ 74−91 (asserting a claim for violation of the TSA, TEX. GOV'T CODE ANN. § 4008.052 (2021)).

[11] *Id.* ¶¶ 92−104 (asserting same against Individual Defendants).

[12] *See generally* Defs.' Mot. to Dismiss (D.I. 58).

[13] *Id.*

[14] *See generally* Pls.' Answering Brief in Opposition to Defendants' Motion to Dismiss Counts II and III of the Second Amended Complaint (D.I. 60) [hereafter "Pls.' MTD Opp'n"].

The Court heard those arguments, took the matter under advisement, and rendered an opinion holding: (1) that it was reasonably conceivable that all Defendants were subject to the Court's jurisdiction via the Agreement's forum selection clause; (2) Delaware's choice-of-law provision didn't bar Counts II and III; but nonetheless, (3) Counts II and III were time-barred by the Texas Securities Act (the "TSA").[15] RGIS disagrees that its claims are time-barred by Texas law and has invoked this Court's Rule 59 to reargue the matter.[16]

## II. RELATED MOTIONS BROUGHT BEFORE THE COURT

Since the Plaintiffs' filing of their Motion for Reargument, Defendants have filed a related request to adjourn the trial date and partially stay discovery.[17] They ask the Court to move the currently scheduled May 2026 trial date and to pause discovery on the claims and parties that were previously dismissed.[18] Defendants argue these steps are necessary because of Plaintiffs' Motion for Reargument seeking to revive certain long-dismissed claims (Counts II and III) and bring back

---

[15] *RGIS International Transition Holdco, LLC v. Retail Services Wis Corporation*, 2025 WL 568515 (Del. Super. Ct. Sept. 29, 2025) (D.I. 75) [hereafter "MTD Mem. Op."].

[16] D.I. 76; *see* Del. Super. Ct. Civ. R. 59(e).

[17] *See generally* Defs.' Motion to Adjourn Trial Date and Partially Stay Discovery (D.I. 78).

[18] *Id.*

in the dismissed Individual Defendants.[19]  The issue of reargument, they argue, is creating uncertainty about which claims and defendants will ultimately be in the case for trial.  As a result, Defendants contend they cannot fairly complete discovery or trial preparation until the Court rules on Plaintiffs' reargument motion.[20]  Plaintiffs oppose both motions, asserting that Defendants haven't demonstrated good cause and that discovery should proceed because all claims arise from the same underlying facts.[21]  So, Plaintiffs have filed their own Motion to Enter a Case Schedule.[22]

## III. PARTIES' CONTENTIONS REGARDING REARGUMENT

### A. PLAINTIFFS' CONTENTIONS

According to RGIS, the Court erred in dismissing Counts II and III of its latest iteration of its complaint as time-barred and they are due Rule 59(e) relief.  RGIS says Count II was improperly dismissed because, in their view, Defendants never moved to dismiss it on timeliness grounds and conceded that it was timely should the Court apply the relation-back doctrine.[23]  As to Count III, Plaintiffs argue that

---

[19]  *Id.* at 3−6.

[20]  *Id.*

[21]  *See generally* Pls.' Response in Opposition to Defendants' Motion to Adjourn Trial Date and Partially Stay Discovery (D.I. 83).

[22]  D.I. 80.

[23]  Pls.' Mot. for Reargument, at 4.

the Court mistakenly declined to apply Delaware's relation-back doctrine; holding instead that Texas's statute of limitations applied and barred the claim.[24]  RGIS maintains that under *Chaplake Holdings Ltd. v. Chrysler Corp.*, Delaware's procedural rules—including its liberal relation-back doctrine—should govern even when a foreign limitations period applies, and that invocation of the "inseparably interwoven" exception to displace Delaware's procedural law is disallowed.[25]  And now, Plaintiffs assert that Count III is timely under both Delaware and Texas relation-back standards.[26]  Accordingly, they contend that reargument should be granted and Counts II and III reinstated as timely.[27]

## B. DEFENDANTS' CONTENTIONS

Defendants say that Plaintiffs' Motion for Reargument merely rehashes old arguments in an attempt to overturn the Court's dismissal of their TSA claims.[28] They argue that the Court correctly ruled the TSA's three-year statute of limitations is substantive, rendering the claims time-barred and immune to Delaware's relation-

---

[24]  *Id.* at 4−6.

[25]  *Id.*; *see Chaplake Holdings Ltd. v. Chrysler Corp.*, 766 A.2d 1 (Del. 2001).

[26]  *Id.*

[27]  *Id.*

[28]  Defs.' Opposition to Pls.' Mot. for Reargument, ¶ 2 (D.I. 77).

back doctrine.[29]  Defendants further assert they never conceded the timeliness of Count II, but acknowledged only that if the relation-back doctrine applied—which it does not—then Count II might survive.[30]  They also maintain that they clearly moved to dismiss both Counts II and III on timeliness grounds.[31]

## IV.  STANDARD OF REVIEW

A motion for reargument is the proper instrument for any party in pursuit of reconsideration by the Court of its findings of fact, conclusion of law, or judgment.[32] But it "is not an opportunity for a party to rehash arguments already decided by the Court or to present new arguments not previously raised."[33]  Under Rule 59, such motion "will be granted if the movant shows: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or to prevent manifest injustice."[34]  Simply put, reargument "will be

---

[29]  *Id.*, ¶ 9.

[30]  *Id.*, ¶ 10.

[31]  *Id.*, ¶ 11.

[32]  *Anderson v. Valvoline, Inc.*, 2025 WL 1625319, at *1 (Del. June 6, 2025); *see Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("The manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors prior to appeal. . ."); *Kovach v. Brandywine Innkeepers Ltd. Partnership*, 2001 WL 1198944, at *1 (Del. Super. Ct. Oct. 1, 2001) (same).

[33]  *Strong v. Wells Fargo Bank*, 2013 WL 1228028, at *1 (Del. Super. Ct. Jan. 3, 2013).

[34]  *River Valley Ingredients, LLC, et al., v. American Proteins, Inc., et al.*, 2025 WL 3091078, at *1 (Del. Super. Ct. Nov. 5, 2025) (citing *Monzo v. Nationwide Prop. & Cas. Ins. Co.*, 249 A.3d

denied unless the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[35]

## V. DISCUSSION

The parties dueling applications require the Court to address three core issues. *First*, the Court reviews Plaintiffs' claim that Defendants did not move to dismiss Count II on statute-of-limitations grounds. The Court finds that Defendants did make that argument, and therefore, Count II remains barred. *Second*, the Court revisits *Chaplake Holdings*. The Court again concludes that the TSA's three-year limitations period is substantive and inseparably tied to the claim, so Count III remains barred. And *third*, the Court determines that the denial of reargument leaves no reason to change the current case schedule.

### A. PLAINTIFFS' MOTION FOR REARGUMENT IS DENIED.

#### 1. Defendants Adequately Moved to Dismiss Count II for Untimeliness.

Plaintiffs contend the Court erred in dismissing Count II because Defendants

---

106, 117 (Del. 2021); *King v. McKenna*, 2015 WL 5168481, at *3 (Del. Super. Ct. Aug. 24, 2015)) (cleaned up).

[35] *Bd. of Managers of the Delaware Crim. Just. Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003).

never moved to dismiss *that* count as untimely. Not so.

"It is well-settled in Delaware that 'the failure to raise a legal issue in the text of the opening brief generally constitutes a waiver of that claim' in connection with a matter under submission to the court."[36]  Delaware Courts will not permit "sandbagging" the opposing party; "[m]oving parties must provide adequate factual and legal support for their positions in their moving papers in order to put the opposing parties and the court on notice of the issues to be decided."[37]  But, in these contexts, the final decision on whether a legal theory has been waived is a call left to the Court's sound discretion.[38]

Defendants' opening brief in support of its motion sought dismissal of Counts II and III.[39]  Plaintiffs are correct that brief was less-than-clear in identifying Count II or the Selling Defendants as a target of the statute of limitations defense it was

---

[36]  *In re Asbestos Litig.*, 2007 WL 2410879, at *4 (Del. Super. Ct. Aug. 27, 2007) (citing *Stilwell v. Parsons,* 145 A.2d 397, 402 (Del.1958); *Murphy v. State,* 632 A.2d 1150, 1152 (Del. 1993)).

[37]  *In re Asbestos Litig.*, 2007 WL 2410879, at *4; *see also Ethica Corp. Fin. S.r.L v. Dana Inc.*, 2018 WL 3954205, at *3 (Del. Super. Ct. Aug. 16, 2018) ("Delaware Courts do not favor "sandbagging" in reply briefs.").

[38]  *Deshong & Sons Contractors, Inc. v. Wallworks, Inc.*, 2024 WL 4564160, at *6 (Del. Super. Ct. Oct. 23, 2024) (citing numerous authorities, including but not limited to *Ethica Corp.*, 2018 WL 3954205, at *3; *Lewis v. Delaware Dep't of Transportation, Div. of Motor Vehicles*, 2022 WL 3025665, at *3 (Del. Super. Ct. Aug. 1, 2022); *Parkell v. Frederick*, 2019 WL 1435884, at *1 (D. Del. Mar. 31, 2019)).

[39]  *See generally* Defs.' MTD Op. Bf. (D.I. 58).

making.[40]  The substance and structure of Defendants' statute-of-limitations defense was directed almost exclusively at the TSA claim asserted against the *Individual* Defendants in Count III.[41]  But Defendants included a statement that encapsulates Count II and the Selling Defendants: "Because no dispute exists that Plaintiffs had discovered prior to the November 2021 Letter what it now alleges were untruths and omissions, *any claims* brought more than three years thereafter would be barred by the TSA's statute of limitations."[42]

Defendants' use of "any claims" may have been inartful, but our rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome."[43]  And waiver such circumstances is never automatic;

---

[40]  Defs.' MTD Op. Bf., at 18 (Opening that section: "**II. COUNTS II AND III FAIL AS A MATTER OF LAW**." And just below that heading, the Defendants continue: "Count II of the SAC alleges a cause of action against the Selling Defendants for a primary violation of the TSA and Count III alleges secondary liability claims under the TSA for alleged control-person liability or for aiding the alleged primary violation. These TSA claims should be dismissed for numerous reasons, as set forth below.") (emphasis is original); *id.*, at 23−27 (keying on the statute-of-limitations issue).

[41]  *See generally* Defs.' MTD Op. Bf. The heading of this subsection reads: "The statute of limitations bars Plaintiffs' TSA claims against the Individuals." *Id.*, at 23. The substance of this subsection discusses—over several pages—the Individuals' dismissal in the prior action, the alleged accrual of claims against the Individuals, the effect of their prior dismissal on tolling, and Texas law regarding refiled claims against previously dismissed parties. *Id.*, at 23−27.

[42]  Defs.' MTD Op. Bf., at 24 (emphasis added).

[43]  *Abdi v. NVR, Inc.*, 2007 WL 2363675, at *2 (Del. Super. Ct. Aug. 17, 2007) (quoting *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

the Court can consider whether the parties had a "full and fair opportunity to address all factual and legal issues . . ."[44] Importantly, the purpose of our requirement that defendant's plea limitations defenses in their opening brief "is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity" to rebut the defense.[45] Here, Plaintiffs were neither surprised nor prejudiced. In Plaintiffs' answering brief they addressed the limitations defense with respect to both Counts II and III.[46] Plaintiffs were on notice that Defendants sought to wield the statute-of-limitations defense against both.

---

[44] *Ethica Corp.*, 2018 WL 3954205, at *3 (emphasis omitted); *see also Camtech Sch. of Nursing & Tech. Scis. v. Delaware Bd. of Nursing*, 2014 WL 604980, at *6 n.78 (Del. Super. Ct. Jan. 31, 2014), *aff'd*, 100 A.3d 1020 (Del. 2014) (discussing the related rule of issue-abandonment and the Court's discretion in finding it).

[45] *Abdi*, 2007 WL 2363675, at *2 (Del. Super. Ct. Aug. 17, 2007) (relying on *Robinson v. Johnson*, 313 F.3d 128, 134−135 (3d Cir. 2002)); *see also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971); *Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 593 (1st Cir. 1995) ("The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued."); *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) ("The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it."); *Marino v. Otis Eng'g Corp.*, 839 F.2d 1404, 1408 (10th Cir. 1988) ("The purpose behind rule 8(c) . . . [is to] put[ ] 'plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance.'") (citations omitted); *Perez v. United States*, 830 F.2d 54, 57 (5th Cir. 1987) ("The central purpose of the Rule 8(c) requirement that affirmative defenses be pled is to prevent unfair surprise. 'A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.'") (citations omitted).

[46] *See* Pls.' MTD Opp'n, at 26 ("**III. COUNTS II AND III ARE NOT TIME-BARRED.** Counts II and III are not time-barred by the TSA's three-year statute of limitations because those claims relate back to when the original complaint was filed, well within the limitations period.") (emphasis in original); *id.* at 26−29.

Plaintiffs further claim that Defendants conceded that the statute-of-limitations defense would not include Claim II.[47]  The Court has reviewed both the parties' written submission and the entire motion hearing transcript.  It does not find the Defendants' counsel's answer to a single question posed by the Court to be quite the all-encompassing concession Plaintiffs suggest.[48] Any limited concession at argument simply did not waive the Count II limitations defense all together.

In these circumstances, Plaintiffs were afforded the notice to which they were entitled.[49]  The limitations issue for Count II was presented—albeit briefly—in the opening brief,[50] countered by Plaintiffs in their answering brief,[51] appeared in the reply brief,[52] and was referenced at oral argument.[53]  Plaintiffs therefore had

---

[47]  *See* Pls.' Mot. for Reargument, at 4.

[48]  *Compare* MTD Hrg. Tr., at 23 (D.I. 68) ("And so if the Plaintiff is successful in convincing Your Honor that contrary to our second argument that the Texas Securities Act applies, they've got to take the whole of it, including the statute of limitations under which the *claims* are untime[ly] [sic].") (emphasis added) *with id.* at 24−25 (discussing whether the statute of limitations would apply, and ending with "But if the Court disagrees, well then at least Count 3 should be dismissed under the statute of limitations as to the individual defendants.").

[49]  *See In re Asbestos Litig.*, 2007 WL 2410879, at *1; *see also Ethica Corp.*, 2018 WL 3954205, at *3; *Abdi*, 2007 WL 2363675, at *2.

[50]  Defs.' MTD Op. Bf., at 24.

[51]  Pls.' MTD Opp'n, at 26.

[52]  Defs.' Reply Brief in Further Support of Motion to Dismiss, at 17−18 (D.I. 61).

[53]  *See, e.g.*, MTD Hrg. Tr., at 23−25.

meaningful opportunity to address it and waiver is unfounded.

Because Defendants did move to dismiss Count II on limitations grounds, and because the Court's prior dismissal of Count II rested on that proper premise,[54] Reargument is therefore **DENIED** as to Count II.

### 2. Counts II and III are Time-Barred.

Plaintiffs contend that the Court misapprehended the import of *Chaplake Holdings Ltd. v. Chrysler Corp.*[55] when it concluded that Delaware's relation-back doctrine need not be addressed once the Court determined that the Texas Securities Act's three-year limitations period is substantive and inseparably interwoven with the cause of action.[56] Plaintiffs argue that *Chaplake* requires Delaware courts to apply Delaware's liberal relation-back doctrine even when foreign substantive limitations law controls the timeliness inquiry.[57]

---

[54] Though not cited in their briefing nor noticed beforehand, on the hearing of their reargument motion, Plaintiffs called up *PXP Producing Co. LLC v. MitEnergy Upstream LLC*, for the proposition that the statute of limitations is personal to the defendant and that same principle bars courts from raising the defense *sua sponte*. 342 A.3d 402, 408−11 (Del. Ch. 2025) ("[A] statute of limitations is a defense 'personal to the defendant.' . . . The same principle bars courts from raising the defense sua sponte."). Because the Court has determined that Defendants did properly move to dismiss Count II on limitations grounds, the Court does not find this principle to be applicable here.

[55] 766 A.2d 1 (Del. 2001)

[56] *See generally* Pls.' Mot. for Reargument.

[57] *Id.* at 4−6.

As a general proposition, Delaware and Texas agree that a statute of limitations is procedural, not substantive law.[58] But a limitations period becomes "inseparably interwoven" when it is a "built-in" aspect of the substantive law.[59] A limitations period is "built-in" "where a statute gives a new right or creates a new liability and the same section or act limits the time within which it can be enforced."[60]

Applying that standard, the Court held that the TSA's three-year period is a built-in, substantive, limitations period.[61] The reason being, the same statutory scheme that creates the TSA causes of action also imposes the three-year filing

---

[58] *Baker Hughes, Inc. v. Keco R & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999) ("Statutes of limitations are procedural."); *US Dominion, Inc. v. Fox Corp.*, 2022 WL 2229781, at *6 n.67 (Del. Super. Ct. June 21, 2022) (quoting *Gavin v. Club Holdings, LLC*, 2016 WL 1298964, at *3 (D. Del. Mar. 31, 2016) ("Under Delaware's conflict of law rules, a statute of limitations is procedural, not substantive.")).

[59] *See Natale v. Upjohn Co.*, 236 F. Supp. 37, 40 (D. Del. 1964) (interpreting Delaware law) (citing *Pack v. Beech Aircraft*, 132 A.2d 54, 67 (Del. 1957)).

[60] *Natale*, 236 F. Supp. 37, 41 (D. Del. 1964), *aff'd*, 356 F.2d 590 (3d Cir. 1966). Texas law applies the same standard. *See Shields v. State*, 27 S.W.3d 267, 275 (Tex. App. 2000) (holding where a statute "creates a private right of action and incorporates a time limit within which the investor must initiate the action, the limitation qualifies the right and becomes an element of the statutory cause of action itself.") (citing *California v. Copus*, 309 S.W.2d 227, 231 (Tex. 1958)). And therefore, under Texas law, where that is the case, the temporal "qualification on filing suit is not considered to be a statute of limitations." *Id.*

[61] MTD Mem. Op., at 22 (citing *Shields v. State*, 27 S.W.3d 267 (Tex. App. 2000); *California v. Copus*, 309 S.W.2d 227 (Tex. 1958)).

period.[62]   Both Delaware and Texas treat such a limitation period as part of the substantive right.[63]   The Court held that, because the built-in period is "inseparably interwoven" with the right itself, so Delaware's procedural relation-back doctrine did not apply.[64]

In *Chaplake*, the Delaware Supreme Court wrestled with whether a UK company that dissolved but was later reinstated could be added to a Delaware suit when UK law would not have allowed the Delaware litigation.[65]   There the Court began from the general premise that the law of the forum governs matters of procedure, but that a foreign jurisdiction's procedural rules will apply if they are "so inseparably interwoven with substantive rights as to render a modification of the

---

[62]   *Id.* at 20−22; *Compare* TEX. GOV'T CODE ANN. §§ 4008.052, 4008.055 (2021) *with id.* § 4008.062.

[63]   *See generally Crawford v. Syngenta Crop Protection, LLC,* 2024 WL 2831554 (Del. Super. Ct. May 31, 2024); *Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co., Inc.*, 866 A.2d 1 (Del. 2005); *Shields v. State*, 27 S.W.3d 267 (Tex. App. 2000) ("Because [the statute] both creates a private right of action and incorporates a time limit within which the investor must initiate the action, the limitation qualifies the right and becomes an element of the statutory cause of action itself. This qualification on filing suit is not considered to be a statute of limitations. The express time limit in [the statute] being an essential element of the private cause of action for restitution, . . ."); *California v. Copus*, 309 S.W.2d 227 (Tex. 1958) (holding a limitations period for a cause of action is substantive law, not procedural, and must be applied by forum in which suit is brought).

[64]   MTD Mem. Op., at 22.

[65]   *Chaplake Holdings, Ltd. v. Chrysler Corp.*, 766 A.2d 1, 5 (Del. 2001).

foregoing rule necessary, lest a party be thereby deprived of his legal rights."[66] The Court then held that the defendant had not demonstrated that the foreign procedural rule at issue—the requirement that a reinstated corporation file "fresh proceedings"—was inseparably interwoven with substantive rights.[67] Because the foreign procedural law did not qualify for the exception, Delaware's procedural rules governed.[68] It was only after making that determination that the Supreme Court proceeded to apply Rule 15(c)'s relation-back doctrine.[69]

*Chaplake*, therefore, does not establish that Delaware courts must apply Delaware relation-back principles whenever foreign substantive limitations law is applicable. Rather, *Chaplake* teaches that relation-back applies only if Delaware procedural law applies. When the foreign procedural law exception is not invoked, Rule 15(c) governs; when the exception applies, the foreign jurisdiction's integrated substantive-procedural framework governs.[70]

Plaintiffs cite no authority—Delaware or other—holding that a court may

---

[66] *Id.* (quoting *Monsanto Co., v. Aetna Cas. and Surety Co.*, 1994 WL 317557 at *4 (Del. Super. Ct. Apr. 15, 1994)).

[67] *Id.*

[68] *Id.* at 5−6.

[69] *Id.*

[70] *See generally id.*

deem a foreign limitations period to be substantive and inseparable, but nevertheless is free to (much less, must) apply Delaware's relation-back doctrine to enlarge that period. *Chaplake* itself does not compel such a result.[71] And the Court finds no authority permitting or compelling it to apply Delaware's relation-back doctrine under these circumstances.[72]

*Chaplake* aligns with all caselaw relied upon in the Court's prior order,[73] and the practical realities of litigation. A plaintiff cannot revive an already dead statutory claim in an instance like this. As the Court mentioned in its prior order, "courts should not allow litigants to 'get[] the benefit of a statute of limitations that really ought not to apply given the fact that the substantive law is interwoven with the

---

[71] *See generally id.*

[72] *See Weisz v. Spindletop Oil and Gas Co.*, 664 S.W.2d 423, 426 (Tex. App. 1983) ("Appellants state that 'the Court in this and every other jurisdiction in this country possess the inherent power to set aside the literal effect of statutory periods of limitation when equity so requires.' This, apparently is not so in Texas."); *Bailey v. Reliance Trust Co.*, 2005 WL 815440, at *4 (N.D. Ga. Mar. 8, 2005) ("As stated in *Weisz*, this court does not have the power to set aside [the timing element] of the claim, even on equitable grounds.").

Plaintiffs—again, for the first time at argument of this motion—mentioned *Pitman v. Lightfoot*, a Texas Appeals Court case which did apply Texas's relation-back doctrine to let stand an additional TSA claim (brought under Texas's earlier Securities Act) against the estate trust of one of the originally named defendants. 937 S.W.2d 496, 530 (Tex. App. 1996). The *Pitman* case appears of less assistance than Plaintiffs wish, given its many salient differences—*e.g.*, unlike here, the original *Pitman* complaint contained TSA counts, while their first appearance in any way here was after the now-extant TSA-specific limitation period had run and certain defendants already been dismissed from this action. *See e.g. id.*

[73] *See* MTD Mem. Op., at 20−22.

procedural right.'"[74]

Accordingly, the Court did not misapprehend *Chaplake*. The prior opinion applied its framework correctly: having found the TSA's limitations period inseparably interwoven with the substantive claim, the Court properly applied the foreign limitations regime without resort to Rule 15(c). Therefore, Plaintiffs' Motion for Reargument is **DENIED**.

### B. RESOLUTION OF DEFENDANTS' SUBSEQUENT REQUESTS IN LIGHT OF THE ABOVE RULING ON PLAINTIFFS' MOTION FOR REARGUMENT

Defendants moved to adjourn the trial date and to partially stay discovery suggesting that the existing schedule could not fairly proceed while outstanding issues raised by Plaintiffs' Motion for Reargument remained unresolved.[75] Plaintiffs, in turn, filed their Motion to Enter Case Schedule after Defendants declined to proceed under the dates the parties had previously negotiated and the Court had approved. Plaintiffs argued that the Court should simply enforce a case schedule notwithstanding the pendency of the reargument motion.[76] Both motions thus seek case-management relief based solely on perceived uncertainty arising from

---

[74] *Id.* at 21 (citing *Saudi Basic*, 866 A.2d at 17−18).

[75] D.I. 78.

[76] Plaintiffs' Motion to Enter Case Schedule (D.I. 80).

Plaintiffs' Motion for Reargument.

That uncertainty no longer warrants any modification of the Court's existing scheduling orders, and there is no live controversy requiring the Court to alter the trial date, stay discovery, or select between competing proposed schedules.

At this point, the Court sees no basis to disturb the previously entered Amended Case Management Order, and the case will proceed in accordance with that schedule and any other so-ordered stipulations. Accordingly, Defendants' Motion to Adjourn Trial Date and Partially Stay Discovery and Plaintiffs' Motion to Enter Case Schedule are **DENIED AS MOOT**. The parties shall continue to litigate this matter under the now-extant schedule.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reargument (D.I. 76) is **DENIED**. Defendants' Motion to Adjourn Trial Date and Partially Stay Discovery (D.I. 78) and Plaintiffs' Motion to Enter Case Schedule (D.I. 80) are **DENIED AS MOOT**.

**SO ORDERED,**

*/s/ Paul R. Wallace*

_____

Paul R. Wallace, Judge