CHAPLAKE HOLDINGS, LTD., Vehiclise Ltd., Portman Lamborghini, Inc., Ltd. (In Receivership), and David T. Lakeman, Plaintiffs Below–Appellants,

v.

CHRYSLER CORPORATION, Defendant Below– Appellee.

No. 100, 2000.

Superior Court of Delaware.

Submitted: Dec. 14, 2000.
Decided: Jan. 29, 2001.

Laurence V. Cronin, Esquire, Smith, Katzenstein & Furlow LLP, Wilmington, Delaware and Michael J. Connolly, Esquire (argued) and Kelley A. Jordan–Price, Esquire, Hinckley, Allen & Snyder, LLP, Boston, Massachusetts, for Appellants.

Thomas C. Marconi, Esquire, Losco & Marconi, P.A., Wilmington, Delaware and Robert D. Cultice, Esquire (argued) and David A. Wilson, Esquire, Hale and Dorr, Boston, Massachusetts, for Appellee.

Before WALSH, HOLLAND, and BERGER, Justices.

WALSH, Justice.

As permitted by Supreme Court Rule 41, we have accepted certification of a question of law from the Superior Court concerning whether a plaintiff, incorporated in the United Kingdom, may pursue an amended complaint under the relation-back provision of Superior Court Rule 15(c), if its corporate status has been terminated through receivership. Specifically, the question posed is:

> Since [plaintiff's] cause of action in the third amended complaint would be barred under the law of the United Kingdom, can it, nevertheless be permitted under the relation-back doctrine of Superior Court Civil Rule 15(c).

We hold that the entitlement of a party to file an amended pleading is controlled by the procedural law of the forum. Thus, notwithstanding the plaintiff's dissolution under the law of its place of incorporation, it may be permitted to re-enter the litigation through an amended pleading if it has been restored to corporate status, and otherwise satisfies the requirements of Rule 15(c). Accordingly, we answer the certified question in the affirmative.

I

Our acceptance of a certified question assumes that the underlying factual basis for the question has been the subject of a stipulation between the parties. See Supr. Ct. R. 41(c)(ii)(C). Despite this requirement, the parties to this appeal appear to disagree concerning the substantive law of the United Kingdom as it relates to the legal status of the plaintiff following receivership. As will appear hereafter, however, in our view this disagreement does not preclude our holding that Delaware procedural law controls the result. Thus, we assume the following facts in deciding the certified question.

The plaintiffs in the underlying action are Chaplake Holdings Ltd. ("Chaplake"), Vehiclise Ltd. ("Vehiclise"), Portman Lamborghini Ltd. ("Portman") and David T. Lakeman ("Lakeman") (collectively "Plaintiffs"). Chaplake is the parent of Vehiclise and Portman, both of which are incorporated under the laws of the United Kingdom ("UK"). Lakeman is the majority shareholder of Chaplake. On April 22, 1994, Plaintiffs commenced an action in Superior Court against Chrysler Corporation ("Chrysler") alleging: (i) breach of implied contract; (ii) fraud; (iii) negligent misrepresentation; and (iv) promissory estoppel. Plaintiffs are seeking damages in excess of $15 million.

Portman was originally formed under the laws of the UK as Lamborghini London. At that time, it was placed on the Registrar of Companies, which serves as the public record in the UK for companies formed under English law. On June 1, 1984, Vehiclise entered into an agreement with Automobili Lamborghini ("Lamborghini") to become Lamborghini's exclusive automobile dealer in the UK and Ireland. Pursuant to the terms of the agreement, Vehiclise appointed Portman to serve as its London dealer.

In April 1987, Chrysler acquired all of Lamborghini's stock. According to Plaintiffs, Chrysler indicated its intention to increase distribution of Lamborghini automobiles. Plaintiffs claim they spent large sums of money to expand their distribution capacity in reliance on this representation and suffered significant losses when Chrysler did not fulfill its end of the bargain.

On August 27, 1992, a creditor of Portman requested the appropriate English Court to issue an order that Portman be wound up pursuant to the UK's Insolvency Act of 1986. On November 25, 1992, the court appointed an official receiver as Portman's liquidator and ordered that Portman be wound up. Portman joined this present action in 1994 through its administrative receiver, an entity different from the official receiver appointed by the

**4**

English court.[1]

On October 15, 1997, Portman's official liquidator issued a notice to the English Registrar of Companies that Portman's winding up for insolvency was complete. Portman's dissolution was deferred until October 15, 1998 when it was formally dissolved effective January 15, 1999. Notice of dissolution was placed in the Registrar of Companies and was available for public inspection. When Portman's insolvency become effective on January 15, 1999, its name was struck from the Registrar of Companies. Lakeman and Portman's administrative receiver claim they were unaware of Portman's dissolution until October, 1999. They further claim it was their understanding that the process under which Portman's affairs were "wound up" would continue through the pendency of the Superior Court litigation. In short, Plaintiffs assumed that this action, commenced by Portman's administrative receiver, would continue while the formal dissolution was pending.

Under UK law, since the corporation was dissolved, Portman lost the capacity to sue and all actions initiated prior to dissolution automatically and permanently terminated as of the date of dissolution. On this basis, Chrysler filed a motion to dismiss Portman as a party to the Superior Court action in October 1999.

In response to Chrysler's motion to dismiss Portman as a party, Portman petitioned the English Court on November 12, 1999 to declare the formal dissolution void. Under UK law, a company may petition for an order declaring the dissolution void within two years following formal dissolution. During this period, causes of action terminated by the dissolution vest with the Crown of England. By court order, Portman's dissolution was declared void and the corporation was reinstated as of November 12, 1999. A declaration that the

dissolution is void, however, does not automatically reinstate proceedings terminated by the dissolution. While Portman's claims vested in the newly reinstated Portman, under UK law Portman would be able to institute "fresh proceedings" only if it complied with the applicable statute of limitations.

In response to Chrysler's motion to dismiss, Portman agreed it should be dismissed since its claims were automatically and permanently terminated as of the date of dissolution under applicable UK law. Subsequently, on January 7, 2000, the remaining Plaintiffs moved for leave to file a third amended complaint adding the reinstated Portman as a plaintiff and sought to have its causes of action relate back to the date of the originally filed complaint under Superior Court Rule 15(c) ("Rule 15(c)"). The proposed third amended complaint is identical to the second amended complaint except for the substitution of the reinstated Portman as a party plaintiff. For purposes of this certification, Chrysler accepts Plaintiffs' contention that the three year limitations period did not begin to run until April, 1992. The UK six year period of limitations, if applicable, would begin on the same date. In either event, Portman's formal dissolution rendered its claims time-barred unless they are permitted to relate back under Rule 15(c).

II

■ Preliminarily, we note that the normal standards of review employed when reviewing a trial court's ruling are inapplicable when this Court addresses a certified question of law. *See State v. Anderson*, Del.Supr., 697 A.2d 379, 382 (1997). Rather, "[t]his Court must review the certified questions in the context in which they arise." *Id.* (citing *Rales v. Blasband*, Del. Supr., 634 A.2d 927, 931 (1993)); *see also Kerns v. Dukes*, Del.Supr., 707 A.2d 363,

---

1. Apparently, under UK law, an "administrative" receiver may be designated to act on behalf of an entity in official receivership to pursue certain claims owed that entity. Port-

man's administrative receiver was appointed in September, 1992 by Plaintiff Lakeman, acting through Streamtrade Ltd., pursuant to terms of an indenture agreement.

367 (1998) (same). The question presented here requires this Court to determine whether the third amended complaint can be permitted under the relation-back provision of Rule 15(c), but subsumed within the determination of that question is the issue of whether the amendment to the complaint should be granted as a matter of discretion. *See Grand Ventures, Inc. v. Whaley,* Del.Supr., 632 A.2d 63, 72 (1993). Chrysler, of course, disputes the applicability of Rule 15(c) and thus views the posed question as presenting a pure question of law. Even if this Court rules that there is no legal barrier to the relation-back provision of Rule 15(c), however, the Superior Court must, as the trial court to whom the issue is posed, determine, in its discretion, whether to grant the amendment. We thus address only the question of whether there is a legal barrier to the application of Rule 15(c).

The certification recites that, under UK law, Portman's claims would be barred by the applicable statute of limitations.[2] Chrysler thus contends that, as a matter of law, Portman is precluded from reentering the litigation since Portman's existence and capacity to sue are governed by UK law. Chrysler cites no specific authority in support of this proposition. On the other hand, Plaintiffs contend that since this issue is procedural in nature, it is governed by the laws of Delaware.

Admittedly, the substantive law of Delaware is being applied to the claims asserted by the Plaintiffs against Chrysler. A company's capacity to sue, however, is governed by the laws of its state of incorporation. *See Johnson v. Helicopter & Airplane Services Corp.,* D. Md., 404 F.Supp. 726, 730 (1975)(ruling based on Fed.R.Civ.P. 17(b) which has no Superior Court Rule counterpart). To the extent that UK substantive law applies, Portman's capacity to sue is clearly subject to challenge.

As a general rule, the law of the forum governs procedural matters. *See Connell v. Delaware Aircraft Ind.,* Del.Super., 55 A.2d 637, 640 (1947); *Monsanto Co., v. Aetna Cas. and Surety Co.,* Del.Super., No. 88C–JA–118, 1994 WL 317557 at *4, Ridgely, P.J. (Apr. 15, 1994); *Taylor v. LSI Logic Corp.,* Del. Ch., No. 13915, 1998 WL 51742, at *4, Steele, V.C. (Feb. 3, 1998). The procedural law of a foreign state will, however, be applied "when the law of a foreign state is applied to substantive issues [and] the procedural law of the foreign state is 'so inseparably interwoven with substantive rights as to render a modification of the foregoing rule necessary, lest a party be thereby deprived of his legal rights.'" *Monsanto,* 1994 WL 317557 at *4 (quoting *Connell,* 55 A.2d at 640).

There is no basis for invoking the foreign procedural law exception here. Chrysler has not demonstrated that the rule requiring a reinstated corporation to institute fresh proceedings within the limitations period is inseparably interwoven with the UK provisions permitting a company to return to corporate status after its dissolution is declared void. Nor does the mere fact that Portman's existence is governed by UK law require the application of UK procedural rules to this issue. That factor does not preclude the usual procedural consequences and benefits that flow from litigating under Delaware law in a Delaware court. Accordingly, we hold that the procedural rules of Delaware govern the issue of whether Portman may be added as a plaintiff in the underlying litigation.

Plaintiffs contend Rule 15 should be applied to permit their third amended complaint to relate back to the date of the

---

2. The briefs of the parties and their contentions at oral argument render this conclusion far from certain. Because the UK law is not explicitly stated and its only sources are a quote from a newspaper and the competing opinions of two British Solicitors, it is difficult to determine the precise effect of UK law on the assertion of Portman's claims, as a matter of substantive law.

original complaint so that it is not barred by the statute of limitations. They argue that Rule 15(c) is satisfied in this case because Chrysler had full notice of the claims contained in the amended complaint from the outset of the litigation. Chrysler counters that the requirements of Rule 15(c) are not satisfied here because the defect to be corrected by the amendment is not the product of mistake.

█ Rule 15(a) instructs that "leave to amend shall be freely given when justice so requires."[3] If the requirements of section (c) of Rule 15 are satisfied, a party's amendment may be considered to relate back to the date of the original pleading to avoid application of the statute of limitations.

█ Statutes of limitation prevent a party from sleeping on assertable rights to the disadvantage of a defendant. *See Nelson v. County of Allegheny*, 3rd Cir., 60 F.3d 1010, 1014–15 (1995). Statutes of limitation are designed to avoid the undue prejudice that could befall defendants, after the passage of an unreasonable amount of time, due to the loss of evidence, disappearance of witnesses, or fading memories. *See Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); *Wilson v. King*, Del.Super., 673 A.2d 1228, 1233 (1996) ("Statutes of limitations are enacted to require plaintiffs to use diligence in bringing suits so that defendants are not prejudiced by undue delay."). Thus, notice to the defendant of a plaintiff's cause of action is essential to ensure that a defendant is not prejudiced in preparing an adequate defense. *See Yorden v. Flaste*, D. Del., 374 F.Supp. 516, 520 (1974). The relation-back doctrine obviates the force of the statute of limitations in certain situations "to encourage the disposition of litigation on its merits." *Whaley*, 632 A.2d at 72; *see also 3 J.*

MOORE, MOORE'S FEDERAL PRACTICE § 15.02[1] (3d ed. 1999) ("The purpose of Rule 15(c) is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed.").

█ In seeking to have their amended complaint relate back to the date of the originally filed complaint, Plaintiffs must satisfy the standards of Rule 15(c) which state:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

While the language of this rule seems to apply only to the addition of a defendant, it has been held to extend to an amendment adding or changing a plaintiff. *See Child, Inc. v. Rodgers*, Del.Super., 377 A.2d 374

---

**3.** Superior Court Rule 15 is substantially the same as Federal Rule of Civil Procedure 15. *See Mergenthaler, Inc. v. Jefferson*, Del.Supr., 332 A.2d 396, 397 (1975). As such, the federal courts' interpretation of the analogous federal rule is persuasive in the construction of Superior Court Rule 15. *See Allder v. Hudson*, Del.Super., 106 A.2d 769, 770 (1954), *overruled on other grounds, Whetsel v. Gosnell*, Del.Supr., 181 A.2d 91 (1962).

(1977), *aff'd in part and rev'd in part sub nom. Pioneer Nat'l Title Ins. Co. v. Child, Inc.*, Del.Supr., 401 A.2d 68 (1979).[4] In fact, the advisory committee notes discussing the analogous federal provision state:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier [than that of amendments changing defendants]. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

Fed.R.Civ.P. 15(c) advisory committee's note. *See also Yorden*, 374 F.Supp. at 519 (relying on advisory committee notes stating Rule 15 should apply by analogy to situations involving the addition of a plaintiff party); *In re Schurek*, S.D. Cal., 139 B.R. 512, 515 (1992) (same); 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1501 (2d ed.1990).

Chrysler argues relation back is inapplicable because there was no mistake here in naming the plaintiffs to this action. In determining whether to allow relation back where a complaint adds a new plaintiff, some courts strictly adhere to the requirements of Rule 15(c).[5] *See Nelson*, 60 F.3d at 1015; *Levy v. United States Gen. Accounting Office*, S.D.N.Y, No. 97 Civ. 4016, 4488, 1998 WL 193191 (Apr. 22, 1998), *aff'd*, 2nd Cir., 175 F.3d 254 (1999). Such strict adherence is unnecessary when deal-

ing with the addition or substitution of a new plaintiff and contravenes the remedial policy underlying Rule 15(c). Requiring plaintiffs to demonstrate that, but for a mistake, different or additional plaintiffs would have been named in the original complaint serves no purpose where a defendant was originally part of the action and thus on notice of the claims before the expiration of the statute of limitations. *See Olech v. Village of Willowbrook*, N.D. Ill, No. 97–C–4935, 2000 WL 1847667, at *5 (Dec. 14, 2000). Here Chrysler has been a party defendant since the inception of the litigation and fully on notice of Portman's claims. Moreover, given the parent-subsidiary relationship of the plaintiffs, the claims of the plaintiffs are interrelated and should be adjudicated together.

 Interpretation of Rule 15(c) should preserve the balance between the statute of limitations and the relation-back doctrine—encouraging the disposition of cases on their merits while ensuring defendants receive adequate notice of the claims so that they are not unduly prejudiced in defense of the action. *See Hill v. Shelander*, 7th Cir., 924 F.2d 1370, 1377 (1991) ("The very purpose underlying the relation back doctrine is to permit amendments to pleadings when the limitations period has expired, so long as the opposing party is not unduly surprised or prejudiced."). Where, as here, a plaintiff seeks to amend a pleading that changes or adds a plaintiff, and the causes of action asserted in the amended complaint are the same as those contained in the original pleading, that

---

4. In *Child Inc.*, the Superior Court held that the amendment of a complaint was not barred and could relate back pursuant to Rule 15(c). The court found that the original complaint was filed within the limitations period, the claim asserted by the additional plaintiffs was substantially the same as the claim contained in the original complaint, and the question of liability raised by the original and amended complaints was unvaried. Analogizing to Federal Rule 15(c), the court concluded that the defendant was on notice of the plaintiffs' claims prior to the expiration of the statute of limitations and would therefore not

be prejudiced by the presence of an additional plaintiff.

5. Chrysler cites *Taylor v. Champion*, Del. Supr., 693 A.2d 1072, 1076 (1997), for the proposition that Rule 15(c) should be strictly construed and each requirement must be satisfied before a claim will be permitted to relate back. That case is distinguishable, however, because there we dealt with the situation where a plaintiff was attempting to add a defendant to the litigation following expiration of the statute of limitations.

party should be required to demonstrate under Rule 15(c) simply that the defendant received sufficient notice of the claims of the proposed additional plaintiff so that the defendant will not be prejudiced in defending the claims of the additional plaintiff. *See Child Inc.,* 377 A.2d at 377; *see also Yorden,* 374 F.Supp. at 521; *Staren v. American Nat'l Bank & Trust Co.,* 7th Cir., 529 F.2d 1257, 1263 (1976); *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel,* S.D.N.Y., 77 F.R.D. 384, 390 (1977).

■ In the present case, the claims asserted in the amended complaint are the same as those asserted in the original complaint. Chrysler has been fully apprised of the specific claims asserted in the amended complaint since the inception of the litigation and the amended complaint does not seek to add new facts or change the circumstances from which those claims arose. Furthermore, the reinstated Portman was originally a party to this action. Therefore, allowing the amended complaint to relate back will not abrogate the policies behind statutes of limitation. Not permitting relation back in this instance would not only contravene the policy of Rule 15 but it would terminate Portman's claims on the basis of a technical and perhaps inadvertent application of foreign law. Rule 15(c) should not be used to bar a party from pursuing a cause of action because of technical infirmities if the claim can fairly be decided on the merits without prejudice to the defendant.

Subject to our previous caveat concerning the exercise by the trial court of its discretionary authority under Rule 15(c), we answer the certified question in the affirmative.