## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

MICHAEL MILLS,  )
      Plaintiff,  )
        )
      v.  )
        )    C.A. No. N14C-01-073 ALR
J. E. M. ENTERPRISES, Inc.,  )
      Defendant and  )
      Third-Party Plaintiff,  )
        )
      v.  )
        )
HARVEY HANNA &  )
ASSOCIATES, Inc.,  )
      Third-Party Defendant  )

Submitted: October 21, 2014
Decided: November 17, 2014

*Upon Plaintiff's Motion to Amend the Complaint*
**GRANTED**

Plaintiff Michael Mills has filed a Motion to Amend the Complaint to add a direct claim against Third-Party Defendant Harvey Hanna & Associates, Inc., which opposes Plaintiff's Motion. After oral argument, the parties submitted briefing at the Court's request. Upon consideration of Plaintiff's Motion to Amend the Complaint, the Court makes the following findings:

1. The Complaint alleges that Plaintiff slipped and fell on July 2, 2012.

2. Plaintiff filed this lawsuit on January 9, 2014 against Defendant J.E.M. based on Plaintiff's understanding that Defendant J.E.M. was the party

responsible for providing cleaning and janitorial services on the premises where Plaintiff allegedly slipped and fell.

3. On February 21, 2014, Defendant J.E.M. filed an Answer and Third-Party Complaint, asserting that Third-Party Defendant Hanna was the party responsible for maintaining the interior of the building where Plaintiff claims to have slipped and fallen.

4. Third-Party Defendant Hanna was served with the Third-Party Complaint on April 7, 2014, and filed its Answer on June 24, 2014. On that same day, Third-Party Defendant Hanna also served discovery on Plaintiff.

5. On July 21, 2014, Plaintiff's counsel notified counsel for Defendant J.E.M. and counsel for Third-Party Defendant Hanna that Plaintiff intended to amend the Complaint to assert claims directly against Third-Party Defendant Hanna. Counsel for Defendant J.E.M. promptly responded that Defendant did not object. On July 23, 2014, Counsel for Third-Party Defendant Hanna responded that Third-Party Defendant could not consent to the amendment because the applicable statute of limitations had run.

6. On July 29, 2014, Plaintiff filed the Motion to Amend the Complaint, which is now pending before the Court and is the subject of this Order.

7. The applicable statute of limitations for the alleged incident expired on July 2, 2014.[1] If suit had been filed at the expiration of the statute, service of process was required within 120 days, no later than October 30, 2014.[2]

8. The Court issued a Trial Scheduling Order on August 15, 2014, setting the trial date of July 27, 2015, as well as other related deadlines, including a discovery deadline of March 9, 2015.

9. The Court may grant a motion for leave to amend or add a complaint after the statute of limitations for the proposed claim has expired, if permitted under the relation-back provision of Rule 15(c).[3]

10. Rule 15(c)(3) requires the proposed claim relate back to the same conduct, transaction, or occurrence described in the original complaint.[4] The effect of the rule is to enlarge the statute of limitations.[5] Additionally, the party opposing the amendment must have been put on notice of the existence of the potential additional plaintiffs and their claims in order to prevent prejudice to the opposing party's ability to defend against the proposed claims on the merits.[6]

---

[1] 10 *Del. C.* § 8119.
[2] Super. Ct. Civ. R. 4(j).
[3] *Chaplake Holdings, LTD. v. Chrysler*, 766 A.2d 1, 5 (Del. 2001).
[4] Super. Ct. Civ. R. 15(c)(2); *Mullen v. Alarmguard, Inc.*, 625 A.2d 258, 263 (Del. 1993).
[5] *Mergenthaler, Inc. v. Jefferson*, 332 A.2d 396, 398 (Del. 1975).
[6] Super. Ct. Civ. R. 15(c)(3); *Mullen*, 625 A.2d at 265.

11. Despite the general liberal policy of permitting leave to amend under Rule 15(a), a motion to add additional plaintiffs by amendment after the statute of limitations has run must be denied unless it satisfies the relation-back requirements of Rule 15(c).[7]

12. In *Chaplake Holdings* the Delaware Supreme Court considered the issue of adding additional plaintiffs to a cause of action under Rule 15(c). The Court stated that interpretation of Rule 15(c) requires a balance of encouraging the disposition of cases on their merits against ensuring defendants receive enough notice of proposed claims in order to defend against the action without prejudice.[8] In *Chaplake,* the Court found the defendant was not prejudiced by permitting additional plaintiffs because the claims of the new plaintiffs were identical to the claims provided in the original complaint. Furthermore, the proposed additional plaintiffs were originally included as parties to the action.[9] Thus, the defendant was on notice as to the identity of the plaintiffs and their claims and was not prejudiced in defending against the claims on the merits.[10]

13. Here, the relation-back requirements have been satisfied. First, the claim by Plaintiff against Third-Party Defendant Hanna arises out of the same

---

[7] *Mullen*, 625 A.2d at 263.
[8] *Chaplake Holdings, LTD.*, 766 A.2d at 7.
[9] *Id.* at 8.
[10] *Id.* at 7-8.

4

occurrence as the slip and fall, which is the subject of the Complaint and the Third-Party Complaint. In fact, the Plaintiff's proposed amendment asserts claims identical to the claims in Plaintiff's original pleading, as well as claims identical to those set forth in the Third-Party Complaint. Next, Third-Party Defendant Hanna was on notice of the claim within 120 days of the expiration of the statute of limitations. Last, Third-Party Defendant Hanna filed a responsive pleading and actively engaged in discovery with Plaintiff as to his claim.

14. Therefore, the interests of justice require the Court to grant Plaintiff's Motion.[11] Third-Party Defendant Hanna was on notice of Plaintiff's claims before the Court assigned a trial date for this case and Third-Party Defendant Hanna has actively engaged in discovery to prepare a defense. Indeed, there is no prejudice to Third-Party Defendant Hanna.

**NOW, THEREFORE, for the reasons stated herein, this 17th day of November, 2014, Plaintiff Michael Mills' Motion to Amend Complaint is hereby GRANTED. The Amended Complaint shall be filed within ten (10) days of this Order.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[11] Super. Ct. Civ. R. 15(a); *Spady v. Keen*, 2006 WL 2559853, at *3 (Del. Super. Aug. 25, 2006).