**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

TIMOTHY E. KANE, Individually and as )
Personal Representative of the Estate of )
DELORES J. KANE, Decedent, and )
PATTI A. KANE )
                     ) C.A. No. N25C-02-519 KMM
         Plaintiffs, )
                     )
      v. )
                     )
MILFORD AID II OPCO LLC d/b/a )
MILFORD PLACE – ENLIVANT )
ASSISTED LIVING, )
                     )
         Defendant. )

Date Submitted: October 23, 2025
Date Decided: October 27, 2025

**ORDER ON MOTION TO AMEND**

*Background*

1.       Plaintiffs Timothy and Patti Kane, children of Delores J. Kane, filed this medical negligence action on February 26, 2025, claiming that Delores J. Kane died as a result of the negligent care and treatment provided by Milford Aid II OPCO LLC d/b/a Milford Place – Enlivant Assisted Living ("Milford Place"). The complaint asserts claims for medical negligence, wrongful death, and survival.

2.       Plaintiffs allege that Ms. Kane developed a pressure wound on May 22, 2023, she last received treatment from Milford Place on June 2, 2023, and she died on June 27, 2023.

3. A Scheduling Order was entered on June 2, 2025, setting the motion to amend deadline as June 30, expert deadlines in 2026, discovery cutoff on August 10, 2026, and trial on March 29, 2027.[1]

### *Motion to Amend*

4. On September 2, 2025, plaintiffs filed a Motion to Amend to add their siblings, Sharon Kakasick and Linda Gilbert as plaintiffs (the "Motion").[2] Because the statute of limitations has expired, plaintiffs argue that Superior Court Civil Rule 15(c) is satisfied and therefore, the amendment relates back to the date of the original complaint. In the Motion, plaintiffs assert that they notified Milford Place of the proposed amendment by letter dated August 15, 2025.

5. Milford Place opposes the Motion, arguing plaintiffs are guilty of undue delay, as the motion to amend deadline has passed. Milford Place further argues that plaintiffs are required to show a "mistake" under Rule 15(c), a burden that plaintiffs do not attempt to satisfy.

---

[1] D.I. 17.
[2] D.I. 20.

*Rule 15 standards*

6.      Under Rule 15(a), "[i]n the absence of prejudice to another party, the trial court is required to exercise its discretion in favor of granting leave to amend."[3] Delay alone is an insufficient basis to deny a motion to amend.[4]

7.      Rule 15(c)(3), provides that when a party is added, an amendment will relate back to the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[5]

8.      The time for notice required by Rule 15(c)(3) is the period provided by the court's rules for service of the summons and complaint.  Superior Court Civil Rule 4(j) provides 120 days for service.  Thus, reading Rule 15(c) and 4(j) together,

---

[3] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 262 (Del. 1993).
[4] *Id.*
[5] Super. Ct. Civ. R. 15(c). Rule 15(c) applies to "the addition, removal and substitution of previously uninvolved parties." *Mullen*, 625 A.2d at 265.

the opposing party must receive notice within 120 days after the running of the statute of limitations.[6]

9. The effect of Rule 15(c) is to enlarge the statute of limitations. Its underlying purpose is to permit amendments when the limitations period has expired to "encourage the disposition of litigation on its merits,"[7] so long as the opposing party is not unduly prejudiced.[8] While Rule 15(c)(3) appears to apply only to defendants, it has been extended to amendments adding or changing a plaintiff.[9] "'As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense.'"[10]

10. Finally, a moving party's alleged delay is addressed under Rule 15(a), not 15(c).[11]

---

[6] *Walker v. Handler*, 2010 WL 4703403, at *3 (Del. Super. Nov. 17, 2010); *Franco v. Acme Markets, Inc.* 2018 WL 5840658, at *3 (Del. Super. Nov. 17, 2018); *Lorenzo v. Kirk*, 2022 WL 17076224, at *2 (Del. Super. Nov. 18, 2022).

[7] *Chaplake Holdings, Ltd. v. Chrysler Corp.,* 766 A.2d 1, 6 (Del. 2001).

[8] *Walker*, 2010 WL 4703403, at *2 (citation omitted).

[9] *Chaplake,* 766 A.2d at 7 (citing 6A Charles ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *Federal Practice and Procedure* § 1501 (2d ed. 1990)).

[10] *Child, Inc. v. Rodgers*, 377 A.2d 374, 377 (Del. Super. 1977) (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1501 (1971)), *aff'd in part and reversed in part sub nom., Pioneer Nat'l Title Ins. Co. v. Child, Inc.*, 401 A.2d 68 (Del. 1979).

[11] *Mullen*, 625 A.2d at 265.

*Analysis*

11.     The Court first determines whether the proposed amendment will relate back to the date of the original complaint.  There is no dispute that the new plaintiffs' allegations arise out of the same conduct, transaction, or occurrence as asserted in the original complaint.  Additionally, although defense counsel has not received the August 15, 2025 letter, there is no real dispute that Milford Place received sufficient notice within 120 days of the earliest running of the statute of limitations (May 22, 2025).[12]  Using this date, the 120-day period ran on September 19, 2025.  The Motion was filed on September 2, 2025.[13]  Milford Place was on notice of the lawsuit from the outset and of the new plaintiffs' allegations within the expended statute of limitations period.[14]

12.     Milford Place cannot show prejudice by the proposed amendment because there is sufficient time in the Scheduling Order to allow it to prepare its defense, and it does not argue otherwise.  That Milford Place's exposure may be

---

[12] Notice is directed at both time and content.  *Mullen*, 625 A.2d at 265.  As discussed, the notice must be within the 120-day period.  The content requires that the party be given notice of the lawsuit.  *Id.*

[13] D.I. 20.

[14] Milford Place argues that it was unaware of the new plaintiffs because they were not identified in plaintiffs' answers to Form 30 interrogatories and that notice (*via* the August 15 letter assuming it was received by the client) was after the statute of limitations expired.  The relevant time period, however, is 120 days after the running of the statute.  *Walker*, 2010 WL 4703403, *2.

increased due to the additional plaintiffs asserting a wrongful death claim, is not the type of prejudice that warrants denying the relation back.[15]

13.     The parties dispute whether plaintiffs are required to show a "mistake" under Rule 15(c)(3).  Plaintiffs rely on *Chaplake Holdings, Ltd. v. Chrysler Corp.* for the proposition that a plaintiff need not show a mistake when seeking to add or change a plaintiff.

14.     *Chaplake* addressed a certified question from the Superior Court.  In the underlying action, one of the original entity-plaintiffs, formed under United Kingdom laws, was dissolved and thereby lost the capacity to sue.  The dissolution was later declared void, but that did not restore the entity's capacity.[16]  Upon restoration of the entity, its claims were vested in the newly reinstated entity, technically a separate entity from the original entity-plaintiff.[17]  The parties agreed to dismiss the original entity.[18]  Plaintiffs moved to amend to add the newly reinstated entity as a plaintiff, which was after the statute of limitations expired.[19]

---

[15] 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, *Federal Practice and Procedure* § 1501 (3d ed.) ("As long as the original complaint gives defendant adequate notice, an amendment relating back is proper even if it exposes defendant to greater damages."); *see also Hunt ex rel. Hamm v. Brandywine Nursing and Rehad. Center, Inc.*, 2000 WL 1211558, at *2–3 (Del. Super. Aug. 18, 2000) (finding amended complaint, which added additional plaintiffs, expanded the negligence claim, and added new wrongful death claims, related back to the original complaint).

[16] *Chaplake,* 766 A.2d at 4.

[17] *Id.*

[18] *Id.*

[19] *Id.*

15.    In answering the certified question, the Delaware Supreme Court analyzed Rule 15(c)(3).[20]  The court found that strict adherence to Rule 15(c)(3) is not necessary "when dealing with the addition or substitution of a new plaintiff" and requiring a plaintiff to satisfy the "mistake" element "serves no purpose where a defendant was originally part of the action and thus on notice of the claims before the expiration of the statute of limitations."[21]  So, where a party seeks to add a plaintiff and the cause of action in the amended pleading arises out of the same occurrence alleged in the original complaint, Rule 15(c) simply requires a showing "that the defendant received sufficient notice of the claims of the proposed additional plaintiff so that the defendant will not be prejudiced in defending the claims of the additional plaintiff."[22]

16.    The Supreme Court found that the defendant was apprised of the claims since the inception of the action and that the new plaintiff did not add facts or claims.[23]  Further, the entity to be added "was originally a party" to the action.[24] Therefore, permitting the amended complaint to relate back was not in contravention of the policies behind the statute of limitations.[25]  The Supreme Court noted,

---

[20] *Id.* at 3.
[21] *Id.* at 7.
[22] *Id.* at 8.
[23] *Id.* at 7–8.
[24] *Id.* at 8.
[25] *Id.*

however, that the decision to grant the amendment rested with the trial court's discretion.[26]

17. Plaintiffs argue that under *Chaplake* they are not required to show "mistake." Milford Place reads *Chaplake* to be limited to a circumstance where the party to be added was originally a party to the action. This Court finds no support for such a narrow reading.

18. First, while the *Chaplake* court cited the fact that the entity-plaintiff had previously been a party to the action as a factor that it considered, the court's ruling was not limited to that circumstance.[27] The court made clear that strict adherence to the requirements of Rule 15(c) is unnecessary "when dealing with the addition or substitution of a new plaintiff[.]"[28]

19. Second, *Chaplake* cited *Child, Inc. v. Rodgers*[29] with approval. In *Child, Inc.,* after the statute of limitations expired, the named plaintiff amended the complaint to add two new plaintiffs.[30] The court ruled that the defendant had timely notice of the claim and that there was no prejudice because the claims asserted were

---

[26] *Id.* at 8.

[27] *Id.* at 7 ("Where, as here, plaintiff seeks to amend a pleading that changes or adds a plaintiff…that party should be required to demonstrate under Rule 15(c) simply that the defendant received sufficient notice of the claims…so that the defendant will not be prejudiced in defending the claims of the additional plaintiff.").

[28] *Id.*

[29] 377 A.2d 374 (Del. Super. 1977), *aff'd in part and reversed in part sub nom., Pioneer Nat'l Title Ins. Co. v. Child, Inc.*, 401 A.2d 68 (Del. 1979).

[30] *Id.* at 376.

8

substantially the same.[31] The court held that the amended complaint related back to the original complaint and did not require a showing of mistake.[32] That the Supreme Court relied on *Child, Inc.* weighs against the narrow reading of *Chaplake* urged by Milford Place.

20. Third, Rule 15(c) is to be read to "preserve the balance between the statute of limitations and the relation-back doctrine—encouraging the disposition of cases on their merits while ensuring defendants receive adequate notice of the claims so that they are not unduly prejudiced in defense of the action."[33] Limiting *Chaplake* to the very narrow and specific circumstance of the new plaintiff previously being a party to the action would not foster the policy of Rule 15(c).

21. Finally, other cases have interpreted Rule 15(c) consistent with the broader reading of *Chaplake*.[34] Milford Place cited no case embracing its narrow reading.

22. Milford Place relies on *Debenedictis v. Delaware Authority of Reginal Transit*,[35] which is distinguishable. There, plaintiff filed a survival action as the

---

[31] *Chaplake,* 766 A.2d at 7 n.4.
[32] *See id.*
[33] *Id.* at 7.
[34] *See McCarthy v. Fifer,* 2018 WL 5840520, at *3 (Del. Super. Nov. 7, 2018) (recognizing that plaintiff need not show mistake to add two new plaintiffs to the action); *see also Hunt,* 2000 WL 1211558, at *3 ("Rule 15(c) is not concerned about the knowledge or state of mind of Plaintiff's counsel.").
[35] 2014 WL 1365946 (Del. Super. Apr. 7, 2014).

administrator of her mother's estate.[36]  Over a year after the motion to amend deadline and 16 months of discovery, plaintiff filed a motion to amend to add the decedent's four children as plaintiffs, each asserting a wrongful death claim.[37]  The court ruled that the amendment did not relate back under Rule 15(c) because defendant was not put on notice of the new plaintiffs' claim and it would be prejudiced if forced to defend the new claims, which were asserted merely five months before trial.[38]  Even if the elements of Rule 15(c) had been satisfied, the court held that the interest of justice did not warrant granting the motion under Rule 15(a).[39]

23.    Here, Milford Place received sufficient notice within the applicable period and, as discussed below, it is not prejudiced by the amendment.

24.    Turing to Rule 15(a), amendments should be freely granted "in absence of prejudice to the other party."[40]  While Milford Place argues that the Motion comes after the motion to amend deadline, a motion to amend will not be denied on delay alone.  Further, Milford Place does not claim it is prejudiced by the timing, nor could it.  Expert reports are due between April and July 2026, and discovery cutoff is

---

[36] *Id.* at *2.
[37] *Id.*
[38] *Id.* at *3.
[39] *Id.* The Court notes that the plaintiff in *Debenedictis* sought to add new plaintiffs, but the court did not require that she also show mistake.
[40] *Cook v. J and V Trucking Co., Inc.*, 2020 WL 5836630, at *2 (Del. Super. Sept. 30, 2020) (citation omitted).

August 10, 2026. Trial is scheduled for March 29, 2027. Thus, Milford Place has sufficient time to take discovery from the new plaintiffs and prepare its defenses. Accordingly, the Motion is **GRANTED**.

**IT IS SO ORDERED**.

/s/Kathleen M. Miller
Kathleen M. Miller, Judge

11