**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SHAWN R. KELZ and<br>DANIELLE KELZ, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. N24C-07-001 KMM |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONWIDE MUTUAL | ) | |
| INSURANCE COMPANY and | ) | |
| RICKY CASTAGNARO, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: November 12, 2025
Decided: January 14, 2026

**ORDER ON MOTION TO DISMISS AND
MOTION FOR SUMMARY JUDGMENT**

*RICKY CASTAGNARO'S MOTION TO DISMISS*

*Factual Background*

1.     Plaintiffs filed this action on July 1, 2024,[1] alleging Shawn Kelz suffered personal injuries arising out of an automobile accident that occurred on March 27, 2023.  At the time, despite plaintiffs' efforts to identify the driver of the other involved non-contact vehicle, the identity remained unknown.  Nationwide Mutual Insurance Company ("Nationwide"), which provided plaintiffs with uninsured/underinsured motorist coverage, was named as the defendant.

---

[1] D.I. 1.

2.	During discovery, Nationwide produced the body-worn camera ("BWC") video from the investigating officer. The video revealed that Ricky Castagnaro was the other driver.

3.	With the consent of Nationwide, on April 11, 2025, plaintiffs filed an amended complaint, adding Mr. Castagnaro as a defendant.[2] A copy of the complaint was mailed to Mr. Castagnaro, who acknowledged receipt by contacting plaintiffs' counsel on April 17, 2025. Mr. Castagnaro was served by the Sussex County Sheriff, in accordance with Rule 4, on May 28, 2025.[3]

***The Motion to Dismiss***

4.	On June 23, 2025, Mr. Castagnaro filed a Motion to Dismiss under Rule 12(b), arguing that the action against him was barred by the applicable 2-year statute of limitations.[4] He asserts that the Amended Complaint was filed two years and 16 days after the accident and the statute of limitations was not tolled.[5] Further, he argues that he did not have notice of the action prior to the expiration of the statute of limitations, such that he would have known (or should have known) that he would be named in the lawsuit, and will be prejudiced.[6] Therefore, the Amended

---

[2] D.I. 21.
[3] D.I. 26.
[4] D.I. 27.
[5] *Id.* at 2–3.
[6] *Id.* at 5.

2

Complaint does not relate back to the date of the original filing under Rule 15(c). Nationwide joined in the motion.[7]

5. Plaintiffs counter that the police report did not identify the other driver or any witnesses, and did not indicate that BWC video was taken.[8] Plaintiffs assert that they made a good faith effort to identify the other driver before this action was filed.[9] Plaintiffs contend that the elements of Rule 15(c) are satisfied, thus the Amended Complaint relates back and the Motion to Dismiss should be denied.[10]

*Motion to Dismiss Standard*

6. Under Superior Court Civil Rule 12(b)(6), the court must "'deny the motion [to dismiss] unless the plaintiff could not recover under any reasonably conceivable set of circumstances.'"[11] At the pleading stage, Delaware courts afford a liberal construction.[12] The court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the non-moving party.[13]

---

[7] D.I. 34.
[8] D.I. 38.
[9] *See Id.* at 2.
[10] *See generally id.*
[11] *Delaware Human and Civil Rights Comm'n v. Welch*, 2025 WL 2222967, at *4 (Del. Super. Aug. 5, 2025) (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.2d 531, 537 (Del. 2011)).
[12] *Surf's Up Legacy Partners, LLC v. Virgin Fest, LLC*, 2021 WL 117036, at *6 (Del. Super. Jan 13, 2021).
[13] *Id.* at *5.

*Analysis*

7.      Pursuant to 10 *Del. C.* § 8119, "[n]o action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained[.]"  Thus, to be timely, this action had to be filed before March 27, 2025. It was.

8.      Under Superior Court Civil Rule 15(c)(3), when a party is added to a pending action, the amendment will relate back to the original pleading when:

> (2) the claim…asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, ***within the period provided by statute or these Rules for service of the summons and complaint***, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[14]

9.      Accordingly, to satisfy Rule 15(c)(3), the amending party must satisfy three elements: (1) the claims against the newly added party must arise out of the same transaction, conduct, or occurrence as the original pleading; (2) the party being

---

[14] Super. Ct. Civ. R. 15(c) (emphasis added).

4

added received notice of the action within the time-period specified and will not be prejudiced in defending the claim on the merits; and (3) the party being added knew or should have known that but for a mistake, the action would have been brought against the party.[15]

10. "The effect of the relation back segment of Rule 15 is to 'enlarge' the statute of limitations period."[16] "The underlying purpose of the relation-back doctrine is to permit amendments to pleadings when the limitations period has expired, so long as the opposing party is not unduly surprised or prejudiced."[17] Rule 15(c) is to be interpreted to preserve the balance between the statute of limitations and the relation-back doctrine, to encourage disposition of cases on the merits, while ensuring defendants are not unduly prejudiced and receive fair notice.[18] Whether an amendment satisfies Rule 15(c)'s elements is within the trial court's discretion.[19] If the elements are not satisfied, the court has no discretion to allow relation back.[20]

11. **First Element**: Here, there is no dispute that the amended pleading

---

[15] *Franco v. Acme Markets, Inc.* 2018 WL 5840658, at *3 (Del. Super. Nov. 17, 2018).

[16] *Walker v. Handler*, 2010 WL 4703403, at *2 (Del. Super. Nov. 17, 2010) (internal quotation marks and citation omitted).

[17] *Id.* (internal quotation marks and citation omitted).

[18] *Id.* at *3 (citing *Chaplake Holdings, Ltd. v. Chrysler Corp.*, 766 A.2d 1, 7 (Del. 2001)); *Ramirez v. Sheinn*, 2023 WL 4105900, at *2 (Del. Super. June 20, 2023); *Pierce v. Williams*, 2018 WL 3655863, at *2 (Del. Super. July 31, 2018) ("relation back extends to the addition of parties not previously named or attempted to be named, as well as named, original parties.").

[19] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 264 (Del. 1993) ("Whether a proposed amendment satisfies the requirements of Rule 15(c) is at the trial court's discretion.").

[20] *Lovett v. Peitrlock*, 32 A.3d 988, 2011 WL 5354267, at *2 (Del. Nov. 8, 2011) (TABLE).

arose out of the same transaction, conduct, or occurrence—the March 27, 2023 accident.

12. **Second Element**: Rule 4(j) provides 120 days for service of process. Thus, reading Rule 15(c) and 4(j) together, the party to be added must receive notice within 120 days after the running of the statute of limitations.[21] Here, the statute of limitations ran on March 27, 2025. An additional 120 days makes the deadline for service of process, and thus notice for Rule 15(c) purposes, July 25, 2025. Notice need not be formal, but it is directed to time and content, such that notice must be given in the time set forth in the statute and rule and it must be of the institution of the action.[22]

13. Plaintiffs assert, and Mr. Castagnaro does not dispute, that he received actual notice of the lawsuit by April 17, 2025, *via* service copy sent by plaintiffs' counsel. Furthermore, service of process by the Sheriff was effected on May 28, 2025, well within the time provided in Rule 4(j).[23]

---

[21] *Id.*; *Franco*, 2018 WL 5840658, at *3; *Lorenzo v. Kirk*, 2022 WL 17076224, at *2 (Del. Super. Nov. 18, 2022); *Clifton v. Rite Aid of Delaware, Inc.*, 2020 WL 3865282, at *2 (Del. Super. July 8, 2020); *Hall v. GEICO Advantage Ins. Co.*, 2021 WL 391335, at *3 (Del. Super. Feb. 3, 2021).
[22] *Mullen*, 625 A.2d at 265 ("as to 'content,' the notice must be given of the 'institution of the action,' and that can only mean the lawsuit, not merely of a claim or allegation.'").
[23] Mr. Castagnaro relies on *Mullen* to support his argument that notice must have been given before the running of the statute of limitations. *Mullen*, however, applied Rule 4(j) before the 1993 amendment. Compare *Mullen*, 625 A.2d at 265 (quoting Rule 15(c): "***within the period provided by law for commencing the action*** against the party to be brought in by amendment") with current Rule 15(c) ("within the ***period provided by statute or these Rules for service of the summons and complaint***").

14.     Mr. Castagnaro argues that he will be prejudiced because discovery has been on-going and depositions have been taken.[24]  Plaintiffs counter that Mr. Castagnaro is not prejudiced because the previously served written discovery responses can be provided to him and the only depositions taken were of the plaintiffs.  Not only will plaintiffs provide Mr. Castagnaro with a copy of the deposition transcripts, they are also willing to sit for a second deposition.  Mr. Castagnaro did not respond to plaintiffs' arguments.  Under these circumstances, the Court finds that Mr. Castagnaro will not be prejudiced in presenting a defense on the merits.

15.     **Third Element**:  Mr. Castagnaro asserts that the Delaware Supreme Court in *Lovett v. Peitrlock*[25] adopted an approach which "depends on what the party to be added knew or should have known" and does not depend on the amending party's knowledge or intent.[26]  Mr. Castagnaro argues that he had no reason to believe that he would have been named in a lawsuit, especially because Mr. Kelz, not Mr. Castagnaro, received a traffic citation for the accident.

16.     Plaintiffs respond that they have satisfied all the elements of Rule 15(c), including showing a "mistake."  Plaintiffs argue that they attempted to identify the

---

[24] Prejudice under Rule 15(c), "is dependent on whether the party received notice within the specified time…." *Cordrey v. Doughty*, 2017 WL 4676593, at *4 (Del. Super. Oct 11, 2017).
[25] 32 A.3d 988, 2011 WL 5354267 (Del. Nov. 8, 2011) (TABLE).
[26] D.I. 39 at 1–2 (emphasis in original).

other driver, including conferring with the investigating officer. The police report did not provide the identity, nor did it identify any witnesses or the existence of a BWC video. Plaintiffs' canvas of local businesses also proved unsuccessful.[27]

17.     Mr. Castagnaro misconstrues *Lovett*. In *Lovett*, the Delaware Supreme Court referenced *Krupski v. Costa Crociere S. p. A.*, acknowledging that court's ruling that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."[28] This quote from *Krupski* was the Supreme Court's ruling in response to the lower court analyzing the "known or should have known" element from the plaintiff's perspective (the party seeking to add the defendant).[29] While that is a correct statement of law, a plaintiff's action (or

---

[27] D.I. 38 at 9. Mr. Castagnaro does not dispute these factual allegations.

[28] *Lovett*, 2011 WL 5354267, at *3 (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010)). The *Lovett* court acknowledged the *Krupski* ruling but did not adopt the federal courts' more lenient standard of "mistake." Unlike Delaware, federal courts apply a more lenient approach, in which "*any* 'error, misconception, or misunderstanding, [or] erroneous belief" held by the amending party may be sufficient to satisfy the third element. Delaware has consistently applied a "strict" approach to "mistake." *Mishoe v. City of Dover Planning Commission,* 2025 WL 786049, at *11 (Del. Super. Mar. 12, 2025) (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010)) (emphasis in original). Delaware has declined to adopt the more lenient approach of *Krupski. See Difebo v. Bd. of Adjustment of New Castle Cty.,* 132 A.3d 1154, 1157 (Del. 2016); *Allmaras v. Bd. of Adjustment of Sussex Cty.*, 238 A.3d 142, 2020 WL 4669008, at *2 (Del. Aug. 7, 2020) (TABLE); *Mishoe,* 2025 WL 786049, at *11–12. Mr. Castagnaro does not argue for application of a more lenient application of "mistake" but makes this argument to urge the Court to disregard plaintiffs' intent or actions. *See* D.I. 39 at 2 (plaintiffs' attempt to show good faith in trying to identify the other driver "is irrelevant and had nothing to do with whether naming an individual who had no knowledge of the lawsuit can be added after the statute of limitations has run.").

[29] *Krupski*, 560 U.S. at 548 ("The question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of Costa Crociere as the proper defendant, but whether

8

inaction) is still relevant in determining whether the "mistake" requirement is satisfied. Indeed, Delaware's approach to "mistake" continues to "turn[] on whether the plaintiff can demonstrate intent to sue the proper parties."[30]

18. Where an amendment adds a party, "the Court focuses on the new party's appreciation of the fact that the failure to include it in the original complaint was an error and not a deliberate strategy."[31] "The 'mistake requirement is designed to ensure that the new defendant knew its joinder was a distinct possibility.'"[32]

19. Mr. Castagnaro's argument that he had no reason to believe that, but for a mistake, he would have been named in the lawsuit, is untethered to any time period. He essentially argues that he would never have known, because he was not ticketed for the accident. But Rule 15(c) sets a time period on this required element. The party to be added must "have known or should have known" within the time provided for in the statute or the rules for service of the summons and complaint.[33]

---

Costa Crociere knew or should have known that it would have been named as a defendant but for an error.").

[30] *Ramirez*, 2023 WL 4105900, at *2; *Pierce*, 2018 WL 3655863, at *3 (noting that Delaware courts typically do not find a "mistake" when plaintiff knew the identity of the party to be added when suit was filed, yet failed to show an intent to sue the party until it was too late); *see also Difebo*, 132 A.3d 1154 (petitioner failed to show mistake when she knew the identity of the proper parties for 15 years, but made no effort to name them until it was too late).

[31] *Ramirez*, 2023 WL 4105900, at *2.

[32] *Id.* (quoting *Johnson v. Paul's Plastering, Inc.*, 1999 WL 1240893, at *2 (Del. Super. Oct. 8, 1999)).

[33] *Pierce*, 2018 WL 3655863, at *2.

The *Krupski* court also acknowledged this temporal aspect.[34]  Here, within the time period (*i.e.*, before July 25, 2025), Mr. Castagnaro knew that but for a mistake he would have been named in this action as he received a copy of the Amended Complaint.

20.    In determining whether plaintiffs have satisfied the "mistake" element, the Court finds *Pierce v. Williams* instructive.  On October 2, 2015, Pierce died in a six-vehicle accident.  Plaintiffs filed their initial complaint on July 12, 2016, and an amended complaint on September 15, 2016, naming all the drivers identified in the police report.[35]  The police report also identified a disabled vehicle, but did not identify the owner of that vehicle.  During an August 23, 2017, deposition, plaintiffs learned the identity of the owner of the disabled vehicle—Todman.[36]  On December 21, 2017, Todman signed for a certified letter sent by plaintiffs informing her that she was being named a defendant in the action, and enclosing a copy of the second amended complaint.  The second amended complaint was filed on January 3, 2018.[37]

21.    Todman filed a motion to dismiss, arguing that the second amended complaint did not relate back because she did not receive timely notice and there was no mistake.  The court found "mistake" as plaintiffs demonstrated their intent

---

[34] *Krupski*, 560 U.S. at 548 ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known **during the Rule 4(m) period**, not what the *plaintiff* knew or should have known at the time of filing her original complaint.") (italics in original; bold added).
[35] 2018 WL 3655863, at *1.
[36] *Id.*
[37] *Id.*

10

to sue all parties involved in the accident but did not know the identity of the owner of the disabled vehicle, despite efforts to identify that person.[38]

22. Here, plaintiffs contend, and Mr. Castagnaro does not contest, that they attempted to ascertain the identity of the other driver. They have shown that they intended to sue the party involved in bringing about the accident that caused Mr. Kelz's injuries and thus have established "mistake."[39]

23. Plaintiffs have satisfied the three elements of Rule 15(c). Therefore, the Amended Complaint relates back to the original complaint. Accordingly, the Motion to Dismiss is **DENIED**.

### *NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT*

*Factual Background*

24. In the original complaint, plaintiffs alleged that Mr. Kelz sustained injuries as a result of actions by an unknown driver. They also alleged that Nationwide provided plaintiffs with uninsured and underinsured automobile coverage, a fact Nationwide does not dispute.

25. The Amended Complaint, adding Ricky Castagnaro, alleges the March 27, 2023, accident was the result of Mr. Castagnaro's negligence. It also alleges that

---

[38] *Id.* at *3; *see also Cordrey*, 2017 WL 4676593, at *5 (finding mistake where plaintiffs, unable to identify all involved persons prior to filing suite, learned identity of the individuals through answers to interrogatories).

[39] Mr. Castagnaro also argues that plaintiffs were not misled, so there can be no mistake. D.I. 39 at 3. Rule 15(c), however, does not require misleading conduct. *Cutting v. Live Nation Worldwide, Inc.*, 2023 WL 4363895, *4 (Del. Super. July 3, 2023).

11

Nationwide provided plaintiffs with uninsured and underinsured automobile coverage.

***Nationwide's Summary Judgment Motion***

26.     Nationwide filed a Motion for Summary Judgment, simply asserting that plaintiffs "failed to show as a matter of law that the alleged tortfeasor is uninsured or underinsured...."[40]

27.     Plaintiffs respond that the motion should be denied because plaintiffs' injuries exceed Mr. Castagnaro's insurance coverage.[41]

28.     Nationwide did not file a reply.

***Summary Judgment Standard***

29.     Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[42]  The moving party bears the initial burden of demonstrating that no material issues of fact are in dispute and that it is entitled to judgment as a matter of law.[43]  The Court must view the record in a

---

[40] D.I. 33 at 3.
[41] D.I. 38.
[42] Super. Ct. Civ. R. 56; *Merrill v. Crothall-American, Inc.,* 606 A.2d 96, 99–100 (Del. 1992).
[43] *Moore v. Sizemore,* 405 A.2d 679, 680 (Del. 1979).

light most favorable to the nonmoving party, drawing all reasonable inferences in its favor.[44]

30.     If the moving party makes the requisite showing, the burden shifts to the non-moving party.[45]  The opponent of a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts."[46]

*Analysis*

31.     Nationwide cites no evidence in the record in support of its position.  It makes a bald statement that its policy has not been triggered.  Such conclusory statements fail to satisfy its burden as the moving party.  Accordingly, the Motion for Summary Judgment is ***DENIED***.

*/s/Kathleen M. Miller*
Kathleen M. Miller, Judge

---

[44] *Merrill*, 606 A.2d 96, 99–100.
[45] *Moore*, 405 A.2d at  681.
[46] *In re Port of Wilmington Gantry Crane Litig.*, 238 A.3d 921, 927 (Del. Super. 2020).